**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1344
_____

UNITED STATES OF AMERICA

v.

MICHAEL EUGENE BEGIN, a/k/a Mike

Michael Eugene Begin,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 1-10-cr-00022-001)
District Judge:  Honorable Maurice B. Cohill, Jr.
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 24, 2013

Before:  AMBRO, FISHER and HARDIMAN, *Circuit Judges*.

(Opinion Filed: October 1, 2013)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Defendant Michael Eugene Begin appeals from a sentence imposed by the United States District Court for the Western District of Pennsylvania. For the reasons stated below, we will affirm.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts that are necessary to our analysis.

On October 12, 2010, Begin pled guilty to charges related to his use of the internet and a cellular phone to send sexual messages and photographs to a minor in order to persuade her to have sex with him. Prior to sentencing, the United States Probation Office prepared a presentence report ("PSR"), which categorized his offense level at 32 and his criminal history category at IV, resulting in a guidelines range of 168 to 210 months in prison. The government filed a motion for an upward departure from the advisory guidelines range, arguing that the recommended range underrepresented the severity of Begin's criminal history. Begin, on the other hand, sought a downward variance based upon the disparity between his guidelines range and the sentence that he would have faced in either state or federal court had he actually committed statutory rape.

At Begin's sentencing hearing, the District Court heard testimony and oral argument regarding Begin's criminal history. Based upon the testimony presented, the

2

Court found, by a preponderance of the evidence, that Begin had engaged in several sexual assaults for which the PSR had not accounted, two of which involved victims under the age of sixteen. App. 154. It also described the details of Begin's assault on a seven-year-old when he was sixteen years of age as "particularly egregious." App. 154. The Court then granted the government's motion for an upward departure, describing Begin's criminal history as "lengthy, continuous" and "primarily focused on sexually assaulting minor females." App. 154-55. It increased Begin's criminal history category to V, making the applicable Guidelines range 188 to 235 months imprisonment, and made a further upward departure to reflect the seriousness of the sexual abuse in which Begin had engaged. After finding that the appropriate range for Begin spanned from 188 to 240 months of imprisonment, the Court sentenced Begin to a 240-month term of imprisonment. It found that the sentence was "sufficient but not greater than necessary," and "adequately addresse[d] the nature and circumstances of this offense, as well as the history and background of the Defendant." App. 168. It further noted that "[t]his sentence also takes into account the need to avoid unwarranted disparities in sentencing among defendants with similar records who have been found guilty of similar conduct." App. 169-70.

Begin timely appealed his sentence and conviction to this Court, arguing that his sentence was procedurally unsound because the District Court failed to discuss, or even rule on, his request for a downward variance in light of "the need to avoid unwarranted

3

sentence disparities among defendants with similar records who have been found guilty of similar conduct." *United States v. Begin*, 696 F.3d 405, 411 (3d Cir. 2012). After concluding that only Begin's federal-federal disparity argument had "colorable legal merit," we held that the District Court had failed to make a sufficient record to demonstrate its consideration of that argument. *Id.* at 414. We observed that a "rote recitation of § 3553(a)(6) is insufficient to permit us to review the Court's resolution of Begin's disparity arguments." *Id.* We therefore vacated Begin's sentence as "procedurally unsound" and remanded for resentencing. *Id.*

The resentencing hearing was held on January 22, 2013. After hearing oral argument from both parties regarding Begin's variance request, the District Court stated:

> I think counsel on both sides did a good job. And, Mr. Patton, I commend you for the points you raise here, but I must say that I, ultimately, cannot agree with changing the sentence. As I said before, I granted the government's upward departure motion and, ultimately, determined that the appropriate offense level was 32 and the appropriate criminal history category was Roman numeral V. Thus, making the applicable Guideline range one hundred eighty-eight to two hundred thirty-five months of imprisonment. And then added another upward departure on that, making it ultimately, two hundred forty months . . . I'm going to deny here the request from Mr. Patton for a downward variance.

App. 197. The Court also noted:

> We further believe the extensiveness of his overall criminal history under-represent [*sic*] his actual history when compared to similar defendants. Finally, we believe that the defendant's criminal history does seriously under-represent the likelihood that he will commit other crimes. His criminal history is lengthy, continuous, and primarily focused on assaulting minor females . . . I believe now that the sentence does take into account

4

the need to avoid unwarranted disparities in sentencing among defendants with similar records that have been found guilty of similar conduct.

App. 206-07.  It then re-imposed the same sentence.  Begin's second timely notice of appeal to this Court followed.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231.  We have appellate jurisdiction under 28 U.S.C. § 1291.

We review a district court's sentencing decision for an abuse of discretion, which proceeds in two stages of analysis.  *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).  We first review for procedural error, ensuring that the district court: (1) correctly calculated the defendant's advisory Guidelines range; (2) appropriately considered any motions for a departure under the Guidelines; and (3) gave meaningful consideration to the sentencing factors set forth in 18 U.S.C. § 3553(a).  *United States v. Wright*, 642 F.3d 148, 152 (3d Cir. 2011).  If the sentencing decision passes the first stage of review, we then consider the substantive reasonableness of the decision.  *United States v. Levinson*, 543 F.3d 190, 195 (3d Cir. 2008).  Our substantive review focuses on the totality of the circumstances.  *Tomko*, 562 F.3d at 567.

## III.

## A.

Begin argues that the District Court's resentencing was procedurally unsound because, although the Court ruled on Begin's downward variance request, it failed to give

5

"thorough and meaningful consideration" to his argument. Specifically, Begin argues that, on remand, this Court was looking for an answer to *why* the sentence for a crime that was *not* consummated should be greater than the sentence for a crime that *was* consummated. We disagree.

When a district court sentences a defendant, it "must produce a record sufficient to demonstrate its rational and meaningful consideration of the § 3553(a) factors." *Begin*, 696 F.3d at 411 (citing *United States v. Merced*, 603 F.3d 203, 215-16 (3d Cir. 2010)). The record, taken in its entirety, must make clear that the district court "has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Merced*, 603 F.3d at 215-16 (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)). It is not necessary that the district court "raise every conceivable issue on its own initiative" or even "discuss every argument raised by a litigant if an argument is clearly without merit." *Id.* at 215. "However, if a party raises a colorable argument about the applicability of one of the § 3553(a) factors, the district court may not ignore it." *Id.* Thus, "the court must acknowledge and respond to any properly presented sentencing argument which has colorable legal merit and a factual basis." *United States v. Ausburn*, 502 F.3d 313, 329 (3d Cir. 2007). While the court's response to each argument need not be perfect, *Merced*, 603 F.3d at 215, "a rote statement that the court has considered each of the § 3553(a) factors is not a sufficient

6

response to a specific colorable argument." *Begin*, 696 F.3d at 411 (citing *United States v. Jackson*, 467 F.3d 834, 841 (3d Cir. 2006)).

After reviewing the record, we conclude that the District Court gave thorough and meaningful consideration to Begin's downward variance argument at the resentencing hearing. When the District Court first sentenced Begin, it merely reiterated § 3553(a)(6), stating: "This sentence also takes into account the need to avoid unwarranted disparities in sentencing among defendants with similar records who have been found guilty of similar conduct." App. 169-70. This statement alone, without adequate justification, was insufficient to allow proper appellate review of Begin's disparity argument. We did not, as Begin argues, remand the case for the District Court to address, specifically, *why* the sentence for a crime that was *not* consummated should be greater than the sentence for a crime that *was* consummated. Rather, we sought a clear justification on the record as to *how* the Court considered § 3553(a)(6), which it articulated at the resentencing hearing.

After hearing oral argument and recessing for ten minutes, the District Court addressed each party's arguments, granted the government's request for an upward departure, and denied Begin's request for a downward variance. In considering § 3553(a)(6), the Court distinguished Begin's extensive criminal history from that of similar defendants, identifying specific instances of Begin's "particularly egregious" conduct. In this regard, it highlighted its belief that "the extensiveness of [Begin's] overall criminal history under-represent[ed] his actual history when compared to similar

7

defendants." App. 206-07. For that reason, the Court denied Begin's request for a downward variance, instead imposing multiple enhancements to the guidelines range. Our review of the record reveals that it gave thorough and meaningful consideration to Begin's downward variance argument at the resentencing hearing. Because Begin disputes only the District Court's analysis of § 3553(a)(6), and the record does not indicate any other procedural errors in its resentencing, we conclude that the resentencing was not procedurally unreasonable.

Since the District Court's sentencing decision passed the first stage of review, we now turn to the substantive reasonableness of the decision. *Levinson*, 543 F.3d at 195. Here, the Court clearly identified numerous instances in Begin's past that justified its upward departure from the advisory guidelines, describing his past conduct as "particularly egregious" and highlighting Begin's criminal past compared to similar defendants. Because we cannot say that "no reasonable sentencing court would have imposed the same sentence on [Begin] for the reasons the [D]istrict [C]ourt provided," *Tomko*, 562 F.3d at 568, we conclude that the sentence was substantively reasonable.

## IV.

For the reasons set forth above, we will affirm the District Court's judgment of conviction and resentencing.

8