NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2486
_____

UNITED STATES OF AMERICA

v.

DANIEL SPORRER,

Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-09-cr-00311-001)
District Judge:  Honorable Nora Barry Fischer
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 28, 2013

Before:  FISHER, JORDAN and ALDISERT, *Circuit Judges*.

(Filed:  November 25, 2013)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Daniel Sporrer appeals a judgment of the United States District Court for the Western District of Pennsylvania sentencing him to 27 months in prison and ordering him to pay restitution of $545,128.71. Sporrer's counsel also moves to withdraw his representation pursuant to *Anders v. California*, 386 U.S. 738 (1967). For the reasons stated below, we will affirm the judgment of the District Court and grant counsel's motion to withdraw.

## I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

On November 17, 2009, a grand jury returned a one-count indictment charging Sporrer with conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349, related to his involvement with a mortgage fraud scheme. Sporrer initially pleaded not guilty to the charges, but later entered an open plea of guilty. Prior to sentencing, the United States Probation Office prepared a presentence report ("PSR"),[1] which assigned Sporrer a base offense level of seven. The PSR then added 16 levels based upon a loss amount of between $1,000,000 and $2,500,000, pursuant to U.S.S.G. § 2B1.1(b)(1)(I), and added an additional two levels because he abused a position of trust in the course of the scheme, pursuant to U.S.S.G. § 3B1.3. Sporrer then received a three-level reduction

_____

[1] The 2009 edition of the Guidelines Manual, including amendments effective November 1, 2009, was used in this case.

due to his timely acceptance of responsibility. Because Sporrer did not have a criminal history, he received zero criminal history points. Based upon those calculations, the PSR arrived at a total offense level of 22 and a criminal history category of I, which resulted in a Guidelines range of 41-51 months.

Sporrer objected to the PSR, arguing that the loss amount should have been calculated based upon the amount he gained from the scheme, which was only $25,000. The District Court rejected Sporrer's argument, concluding that the PSR categorized the loss amount correctly, and adopted the PSR advisory Guidelines range. Sporrer then requested a variance, which the Court granted based upon his personal history, support from the community, and involvement with his family. SA281-82; SA302-03. Although the District Court granted Sporrer's request, it made a point of noting that it did not believe that the evidence, specifically the nature of the scheme and the loss to the victims, warranted a variance that would take him down to a probationary level. The District Court then sentenced him to 27 months' incarceration and ordered him to pay restitution to the victims in the amount of $545,128.71, the amount it concluded was the "actual loss" suffered by Sporrer's victims.[2]

---

[2] To arrive at this amount, the District Court calculated the actual loss to three victims stemming from the mortgage fraud scheme - the difference between the outstanding balance of the fraudulent loan and the sales price. A48-51. Although the Court only utilized the "actual loss" calculations for purposes of restitution, it concluded, in a well-reasoned analysis, that the Government had met its burden in proving that the estimated total loss exceeded the $1,000,000 threshold for purposes of the 16-level enhancement. *See* A50-58.

Sporrer filed a timely notice of appeal. His counsel then filed an *Anders* brief, indicating that he had reviewed the record and found no meritorious basis for Sporrer's appeal.[3]

## II

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Counsel may file a motion to withdraw representation under *Anders* if, after reviewing the record, he is "persuaded that the appeal presents no issue of even arguable merit." Third Circuit L.A.R. 109.2(a). When counsel submits an *Anders* brief, our inquiry is twofold: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). "Where the *Anders* brief appears adequate on its face," we will rely on it to guide our review of the record. *Id.* at 301.

## III.

Counsel's *Anders* brief identifies three potentially appealable issues: (1) whether the District Court properly determined loss under U.S.S.G. § 2B1.1; (2) whether the District Court properly ordered Sporrer to pay restitution in the amount of $545,128.71; and (3) whether the District Court's sentence was reasonable. In identifying these issues,

---

[3] Although given the opportunity to do so, Sporrer did not file a supplemental brief.

counsel adequately reviews the record and relevant law and explains the frivolous nature of the appeal. For that reason, we are satisfied that counsel's *Anders* brief has fulfilled the rule's requirements and is adequate on its face. We therefore move forward in examining the arguments it presents.

## A.

Sporrer argued in the District Court that his loss amount should be limited to the amount of his gain, which he avers was $25,000, rather than the amount of the victims' losses. Counsel concludes that this argument has no legal basis. We agree.

We have observed that "loss," as defined in the Sentencing Guidelines, "represents the loss *to the victims* before restitution takes place, and is used to set a fine corresponding to *the monetary harm caused* by the defendants' conduct." *United States v. Nathan*, 188 F.3d 190, 209 (3d Cir. 1999) (emphasis added). It is therefore clear that the District Court was correct in ordering Sporrer to pay a restitution amount based upon the amount of loss suffered by his victims. Accordingly, an appeal regarding the District Court's determination of loss would be frivolous.

## B.

Sporrer's counsel next addresses the possibility of a challenge to the District Court's restitution order. "We 'review a restitution order under a bifurcated standard: plenary review as to whether restitution is permitted by law, and abuse of discretion as to the appropriateness of the particular award.'" *United States v. Fallon*, 470 F.3d 542, 548

5

(3d Cir. 2006) (quoting *United States v. Quillen*, 335 F.3d 219, 221 (3d Cir. 2003)).

We conclude that the District Court's order of restitution was permitted by law. The Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663 *et seq.*, "mandates that defendants who are convicted of or plead guilty to certain crimes pay restitution to their victims." *Quillen*, 335 F.3d at 222. The purpose of the statute is, "to the extent possible, to make victims whole, to fully compensate victims for their losses, and to restore victims to their original state of well-being." *Id.* In instances where the damage or loss affects a victim's property, "the restitution order shall require that the defendant return the property or, if return is impossible, pay an amount equal to the greater of the value of the property on the date of the damage, loss, or destruction." *Id.* (citations omitted) (internal quotation marks omitted).

Here, the District Court found that a number of properties were affected by Sporrer's involvement with the mortgage fraud scheme. Because the properties were not "taken" in the sense that they could be returned as restitution, the Court's only practical option was to order him to pay the amount of loss attributable to each victim.

We also conclude that the particular award issued by the District Court was appropriate. Here, the record indicates that the District Court was careful in its calculation of loss. The Court conducted an evidentiary hearing and agreed with both the PSR and the government's conclusion that the total loss exceeded $1 million. However, it only sentenced Sporrer to a restitution amount of half of that figure, based upon the

6

actual loss attributable to three different victims. Because the District Court carefully analyzed the calculation of loss attributable to Sporrer, and based those calculations on reasonable measures, we cannot conclude that it abused its discretion when it ordered Sporrer to pay his victims $545,128.71 in restitution.

Accordingly, a challenge to the District Court's restitution order would be frivolous.

C.

The last potentially appealable issue discussed by Sporrer's counsel relates to the reasonableness of the sentence imposed by the District Court. We review a district court's sentencing decision for an abuse of discretion, and our analysis proceeds in two stages. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009). We first review for procedural error, ensuring that the district court: (1) correctly calculated the defendant's advisory Guidelines range; (2) appropriately considered any motions for a departure under the Guidelines; and (3) gave meaningful consideration to the sentencing factors set forth in 18 U.S.C. § 3553(a). *United States v. Wright*, 642 F.3d 148, 152 (3d Cir. 2011). If the sentencing decision passes the first stage of review, we then consider the substantive reasonableness of the decision. *United States v. Levinson*, 543 F.3d 190, 195 (3d Cir. 2008). Our substantive review focuses on the totality of the circumstances. *Tomko*, 562 F.3d at 567.

After reviewing the record, we conclude that the District Court's sentence was both procedurally and substantively reasonable. When a district court sentences a defendant, it must "produce a record sufficient to demonstrate its rational and meaningful consideration of the § 3553(a) factors." *United States v. Begin*, 696 F.3d 405, 411 (3d Cir. 2012) (citing *United States v. Merced*, 603 F.3d 203, 215-16 (3d Cir. 2010)). The record, taken in its entirety, must make clear that the district court "has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Merced*, 603 F.3d at 215-16 (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)). It is not necessary that the district court "raise every conceivable issue on [its] own initiative" or even "discuss every argument made by a litigant if an argument is clearly without merit." *Id.* at 215. "However, if a party raises a colorable argument about the applicability of one of the § 3553(a) factors, the district court may not ignore it." *Id.* Thus, "the court must acknowledge and respond to any properly presented sentencing argument which has colorable legal merit and a factual basis." *United States v. Ausburn*, 502 F.3d 313, 329 (3d Cir. 2007).

Here, the District Court conducted a detailed sentencing hearing, during which it thoroughly considered and addressed each argument Sporrer presented in support of a downward variance and a sentence of probation. The Court heard testimony from witnesses, from Sporrer, and considered the arguments presented by counsel, before concluding that it would grant Sporrer's motion for a downward variance. Finally, the

8

Court addressed each of the § 3553(a) factors and, after varying downward from his initial Guidelines range, sentenced Sporrer to 27 months of incarceration. Against that backdrop, we are satisfied that the District Court's sentencing decision was procedurally reasonable.

We now turn our inquiry to the substantive reasonableness of the decision. Here, the District Court sentenced Sporrer well below the advisory Guidelines range after partially accepting his arguments and granting his motion for a downward variance. Additionally, the Court made a point to note that, while it granted the variance, it did not believe that the evidence warranted a variance that would take him down to a probationary level. Because we cannot say that "no reasonable sentencing court would have imposed the same sentence on [Sporrer] for the reasons the [D]istrict [C]ourt provided," *Tomko*, 562 F.3d at 568, we conclude that the sentence was substantively reasonable.

Accordingly, any argument with respect to the reasonableness of Sporrer's sentence would be frivolous.

## V.

For the reasons stated above, we will affirm the District Court's judgment of sentence and grant counsel's *Anders* motion.