**PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-3896
_____

UNITED STATES OF AMERICA

v.

MICHAEL EUGENE BEGIN,
a/k/a Mike

Michael Eugene Begin,

Appellant

_____

On Appeal from the District Court
for the Western District of Pennsylvania
(No. 10-CR-22)
District Judge: Honorable Maurice B. Cohill, Jr.

_____

Argued July 13, 2012

Before: FUENTES, HARDIMAN, and ROTH, *Circuit Judges*

(Opinion Filed: October 9, 2012)

Karen S. Gerlach, Esq. [ARGUED]
Office of Federal Public Defender
1001 Liberty Avenue
1500 Liberty Center
Pittsburgh, PA 15222

Thomas W. Patton, Esq.
Office of Federal Public Defender
1001 State Street
1111 Renaissance Centre
Erie, PA 16501

   *Counsel for Appellant, Michael Eugene Begin*

Michael L. Ivory, Esq. [ARGUED]
Rebecca R. Haywood, Esq.
Office of the United States Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219

Christian A. Trabold, Esq.
Office of United States Attorney
17 South Park Row
Room A330
Erie, PA 16501

   *Counsel for Appellee, the United States of America*

## OPINION OF THE COURT

FUENTES, *Circuit Judge*:

Michael Eugene Begin appeals from a final judgment of conviction and sentence on charges related to his use of the internet and a cellular phone to send sexual messages and photographs to a minor in order to persuade her to have sex with him. Begin pled guilty and was sentenced to 240 months' imprisonment, representing a 30-month upward departure from the top of his advisory Sentencing Guidelines range. On appeal, Begin argues that his sentence is unreasonable because the District Court failed to consider his request for a downward variance based on the asserted disparity between his sentence for attempting to induce statutory rape and the lower maximum sentences for actually committing statutory rape under state and federal law. We will vacate Begin's sentence and remand for the District Court to consider his request.

## I

In January 2010, a concerned mother contacted the FBI regarding sexually suggestive messages that her 14-year-old daughter had received through MySpace, a social-networking website. These messages came from someone named "Mike," who described himself as a 20-year-old Marine sniper. Both the girl and the FBI agent who subsequently assumed her online identity repeatedly informed Mike that she was 14 years old, but Mike was undeterred. He

continued to write her sexually explicit messages and sent two photographs of himself to her cellular phone: one of his face and chest, the other of his penis. Ultimately, the FBI agent and Mike agreed to meet at a restaurant in Bradford, Pennsylvania. Michael Eugene Begin, then 33 years old and not a Marine, showed up for the rendezvous, and FBI agents took him into custody. In his possession they found a knife, handcuffs, and a condom. Waiving his *Miranda* rights, Begin admitted that he had sent the sexually explicit messages and photographs and that he had intended to take the 14-year-old girl back to his room at the Riddle House, a boarding house in Bradford, in order to have sex with her.

A federal grand jury sitting in the Western District of Pennsylvania returned a two-count indictment against Begin. Count One charged that Begin violated 18 U.S.C. § 2422(b) by using the internet and a cellular phone to attempt to persuade a minor "to engage in any sexual activity for which any person can be charged with a criminal offense, to wit, statutory sexual assault, in violation of [18 Pa. Cons. Stat. § 3122.1], aggravated indecent assault, in violation of [18 Pa. Cons. Stat. § 3125(a)(8)], and indecent assault[,] in violation of [18 Pa. Cons. Stat. § 3126(a)(8)]." App. 17. Count Two charged that Begin violated 18 U.S.C. § 1470 by using a cellular phone to transfer an obscene image to a minor. Begin pled guilty to both counts of the indictment at a change-of-plea hearing in October 2010.

In advance of sentencing, the United States Probation Office conducted an investigation and prepared a pre-sentence report ("PSR"). According to the PSR, Begin's counts of conviction grouped together and carried a base offense level of 28. He received a two-level increase for his

4

use of a computer to commit the offense and a three-level decrease for his acceptance of responsibility. In addition, he qualified as a "repeat and dangerous sex offender against minors" under U.S.S.G. § 4B1.5(b)(1) and therefore received a five-level increase pursuant to that section. His resulting total offense level was 32.

The PSR calculated Begin's criminal history category by assigning points to his adult criminal convictions. In 1999, Begin committed several crimes involving minor girls. He was convicted of corruption of minors after it was discovered that he was harboring a 14-year-old runaway in his apartment, despite having told police that he had not seen her. He was convicted of indecent assault for having sex with a "mentally deficient" 16-year-old girl on a public park bench. PSR p. 10.[1] Finally, he was convicted of indecent exposure for mooning four minors in a public park, asking them whether they wanted to "scratch [his] balls," and calling them "sluts." *Id.* p. 11. In 1995, Begin received a stolen bicycle and was subsequently convicted of theft by receipt of stolen property. No points were assigned to a juvenile adjudication for Begin's rape of a seven-year-old girl in 1993, when he was sixteen. According to the PSR, Begin's criminal history category was IV.

Begin's Guidelines range was therefore 168 to 210 months, or 14 to 17½ years. On Count One, he faced a statutory mandatory minimum term of 10 years' imprisonment, and a statutory maximum term of life

---

[1] The PSR recites that this conviction was for "indecent exposure," but Begin has conceded that it was actually for "indecent assault." App. 62.

5

imprisonment. On Count Two, he faced no mandatory minimum and a statutory maximum of 10 years.

The Government filed a motion for an upward departure from the advisory Guidelines range, arguing that criminal history category IV underrepresented the severity of Begin's criminal history. According to the Government, Begin was a "serial sex offender whose criminal history score represents only a fraction of his prior criminal conduct." App. 51. In particular, the Government observed that Begin's criminal history score did not take into account his 1993 rape, and the Government presented newly obtained information that Begin had perpetrated other sexual assaults on minors in early 2010. The Government further argued that the five-level § 4B1.5(b)(1) enhancement that Begin received as a "repeat and dangerous sex offender against minors" underrepresented Begin's repeat offenses. Section 4B1.5(b) applies to defendants with at least two prior instances of criminal sexual conduct with minors, and the Government submitted that Begin had engaged in many more than two such instances and therefore deserved more punishment than the section provided. It was the Government's position that a range of 360 months to life imprisonment more accurately reflected Begin's criminal character and past.

Begin, on the other hand, sought a downward variance from the advisory Guidelines range based on the disparity between that range and the sentence that he would have faced in either state or federal court had he actually committed statutory rape. First, Begin observed that his Count One conviction for inducement under 18 U.S.C. § 2422(b) was expressly linked to Pennsylvania state statutory rape offenses that carry a maximum penalty of 10 years' imprisonment.

*See* 18 Pa. Cons. Stat. § 3122.1 (2000) (establishing the elements of statutory sexual assault); 18 Pa. Cons. Stat. § 1103 (establishing the maximum sentences for different classes of felonies).[2] Second, he observed that the federal offense of statutory rape within the special maritime and territorial jurisdiction of the United States carries a maximum penalty of 15 years' imprisonment. *See* 18 U.S.C. § 2243(a). He argued that it would be inequitable to impose "a longer sentence of imprisonment for using a means of interstate communication to help facilitate the commission of a crime than would apply to the crime facilitated," and he drew an analogy to the Sentencing Guidelines for drug offenses, which set the penalty for a facilitation offense equal to the penalty that would have been applicable to underlying offense. App. 44 (citing U.S.S.G. § 2D1.6). Begin asked the District Court for a sentence of 120 months, which is the mandatory minimum under § 2422(b) and the maximum penalty he could have faced in Pennsylvania for statutory rape.

At Begin's sentencing hearing, the District Court began by observing that neither Begin nor the Government had filed factual objections to the PSR but there was serious disagreement about the appropriate Guidelines calculation

---

[2] After Begin was sentenced, Pennsylvania revised its statutory rape statute to classify Begin's attempted conduct—"sexual intercourse with a complainant under the age of 16 years when that person is 11 or more years older than the complainant"—as a felony in the first degree, punishable by 20 years' imprisonment. 2011 Pa. Legis. Serv. Act. 2011-111.

7

and ultimate sentence. Briefly summarizing the parties' written submissions, the Court stated:

> The Defendant . . . has filed a position with respect to sentencing factors in which he argues that we should vary from the guidelines based on the disparity between the sentence the Defendant would have received in state court had he actually committed statutory rape compared to the sentence he is facing in federal court for engaging in the crime of attempting to induce and inducing a minor to engage in essentially statutory rape. The Defendant is seeking a sentence of 120 months.

App. 96. The Court determined that it should formally rule on the Government's motion for an upward departure before it addressed Begin's request for a variance.

In support of its motion, the Government presented the testimony of Bradford City Police Officer Todd Erickson who had investigated allegations that Begin had engaged in prohibited sexual contact with three minors that were not included in the PSR. According to Erickson, one of these girls told him that Begin had inappropriately touched her through her clothes and asked her over MySpace to have sex with him. The other two girls had been together in Begin's room in Riddle House on several occasions. One reported that Begin had thrust his hand down the front of her pants, and each reported Begin had vaginally raped her, though inconsistencies between their accounts made it hard for Officer Erickson to form a clear picture of exactly what had transpired.

After Officer Erickson's testimony and the parties' oral arguments, the District Court granted the Government's motion for an upward departure. The Court explained that it found, by a preponderance of the evidence, that Begin had engaged in several sexual assaults that were not accounted for in the PSR. In addition, the Court noted the "particularly egregious" details of Begin's juvenile rape of a seven-year-old. App. 152. Altogether, the Court found that Begin's "lengthy, continuous" criminal history, "primarily focused on sexually assaulting minor females," supported the conclusion that criminal history category IV substantially underrepresented the seriousness of his criminal history and the likelihood that he would commit other crimes. App. 152-53. Therefore, the Court found, pursuant to U.S.S.G. § 4A1.3, that the appropriate criminal history category for Begin was category V, making the applicable Guidelines range 188 to 235 months' imprisonment. In addition, the Court found that the five-level enhancement that Begin had received under U.S.S.G. § 4B1.5(b)(1) for his repeat sex offenses against minors did not adequately reflect the seriousness of the sexual abuse in which Begin had engaged. Therefore, the Court made a further upward departure and arrived at a range of 188 to 240 months' imprisonment.

Having determined the applicable advisory Guidelines range, the District Court indicated that it would next consider the sentencing factors set forth in 18 U.S.C. § 3553(a), including Begin's request for a downward variance. The Court heard oral argument from defense counsel and the Government but did not ask the attorneys any questions or make any comments on their presentations. Immediately following these arguments, the intended victim's mother

made a statement concerning the impact of Begin's actions on her family and her daughter. The Court also heard a statement from Begin, who apologized for his actions.

The District Court then sentenced Begin to an aggregate term of 240 months' imprisonment, at the top of his adjusted Guidelines range, to be followed by a lifetime term of supervised release with a number of special conditions. The Court stated its belief that the sentence of 240 months was "sufficient but not greater than necessary" under 18 U.S.C. § 3553(a), and in light of "the nature and circumstances of this offense, as well as the history and background of the Defendant." App. 166. The Court further explained:

> In particular, the Court has taken into account that Mr. Begin is a 34-year-old man who has pled guilty to two counts, both of which concerned his attempt to induce a minor to engage in illegal sexual activity. The circumstances of this case are serious and if not for the intervention of the victim's mother could have resulted in serious and long-standing harm to the victim. We have also taken into account [that] Mr. Begin has a long criminal history that involves a disturbing amount of sex crimes against minors. We encourage Mr. Begin to participate in any available education and/or vocational training opportunities while he is incarcerated. . . . In imposing this sentence, we have also considered the kind of sentences available and in the sentencing range set forth in the guidelines, including any relevant policy

statements issued by the Sentencing Commission.

App. 166-67. Regarding the need to avoid unwarranted sentencing disparities under § 3553(a)(6) and the need for the sentence imposed under § 3553(a)(2), the Court stated:

> This sentence also takes into account the need to avoid unwarranted disparities in sentencing among defendants with similar records who have been found guilty of similar conduct. At the same time, we find that the sentence does reflect the seriousness of his offense and provides just punishment for it and also will hopefully promote respect for the law and afford adequate deterrence to criminal conduct while protecting the public from further crimes by this Defendant.

App. 167-68. The Court never directly addressed the arguments raised by Begin's counsel nor explicitly ruled on his request for a downward variance.

Begin timely appealed to this Court.[3]

## II

On appeal, Begin challenges the reasonableness of his sentence. Our review of a district court's sentencing

---

[3] We have appellate jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. The District Court had original jurisdiction under 18 U.S.C. § 3231.

11

decisions is for abuse of discretion and proceeds in two stages. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc) (citing *Gall v. United States*, 552 U.S. 38, 51-52 (2007)). First, we review for procedural error at each step of the district court's sentencing process. *Id.*; *United States v. Wright*, 642 F.3d 148, 152 (3d Cir. 2011). Thus, we ensure that the district court (1) correctly calculated the defendant's advisory Guidelines range, (2) appropriately considered any motions for a departure under the Guidelines, and (3) gave meaningful consideration to the sentencing factors set forth in 18 U.S.C. § 3553(a). *Wright*, 642 F.3d at 152. If the district court has made a procedural error, "we will generally remand the case for re-sentencing, without going any further." *Id.* (quoting *United States v. Merced*, 603 F.3d 203, 214 (3d Cir. 2010)) (internal quotation marks omitted). But, if the district court's procedures pass muster, then we move forward to the second stage, and we review the substantive reasonableness of the sentence. *Tomko*, 562 F.3d at 567. Our substantive review focuses on the totality of the circumstances and is highly deferential. *Id.* at 567-68.

Our deferential substantive review of sentences is enabled by our insistence, as part of our procedural review, that the district court produce a record sufficient to demonstrate its rational and meaningful consideration of the § 3553(a) factors. *Merced*, 603 F.3d at 215. The record as a whole must make clear that the district judge "has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Id.* at 215-16 (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)). The district court need not raise every conceivable issue on its own initiative or even make explicit findings as to each sentencing factor if the record makes clear that the court took

all the factors into account. *Id.* at 215. "However, if a party raises a colorable argument about the applicability of one of the § 3553(a) factors, the district court may not ignore it." *Id.* In this, "we have stated at least one concrete requirement to establish that the sentencing court gave meaningful consideration to the relevant § 3553(a) factors: the court must acknowledge and respond to any properly presented sentencing argument which has colorable legal merit and a factual basis." *United States v. Ausburn*, 502 F.3d 313, 329 (3d Cir. 2007). A rote statement that the court has considered each of the § 3553(a) factors is not a sufficient response to a specific colorable argument. *United States v. Jackson*, 467 F.3d 834, 841 (3d Cir. 2006); *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006), *abrogated on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007).

### III

Begin argues primarily that his sentence is procedurally unsound because the District Court failed to discuss, or even rule on, his request for a downward variance in light of "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). The Government argues that Begin's request so obviously lacked legal merit that the District Court was not required to address it, and that, in any event, the Court did in fact give it meaningful consideration. We address these issues in turn.

### A

Before we reach Begin's contention that the District Court made a procedural error by failing to respond to his

13

request for a downward variance, we must satisfy ourselves that Begin's disparity arguments have colorable legal merit. "The court need not discuss every argument made by a litigant if an argument is clearly without merit." *Cooper*, 437 F.3d at 329 (citing *United States v. Cunningham*, 429 F.3d 673, 678 (7th Cir. 2005)). Begin raised two distinct § 3553(a)(6) disparity arguments before the District Court: first, he asked the Court to consider the 10-year maximum sentence that could be imposed for statutory rape under Pennsylvania state law; second, he asked it to consider the 15-year maximum sentence that could be imposed under federal law for statutory rape within the special and maritime jurisdiction of the United States.

**1**

Begin's state-federal disparity argument lacks colorable legal merit. As several of our sister circuits have observed, "Section 3553(a)(6) addresses unwarranted sentence disparities among federal defendants who are similarly situated instead of disparate federal and state sentences." *United States v. Docampo*, 573 F.3d 1091, 1102 (11th Cir. 2009); *see United States v. Clark*, 434 F.3d 684, 687 (4th Cir. 2006) ("The sole concern of section 3553(a)(6) is with sentencing disparities among federal defendants." (emphasis omitted)); *United States v. Branson*, 463 F.3d 1110, 1112 (10th Cir. 2006) ("Adjusting federal sentences to conform to those imposed by the states where the offenses occurred would not serve the purposes of § 3553(a)(6)."); *United States v. Jeremiah*, 446 F.3d 805, 808 (8th Cir. 2006) ("Unwarranted sentencing disparities among federal defendants remains the only consideration under § 3553(a)(6)—both before and after *Booker*."). This is so

because the purpose of § 3553(a)(6) is to promote national uniformity in the sentences imposed by federal courts. *See United States v. Parker*, 462 F.3d 273, 277 (3d Cir. 2006). Indeed, "[r]educing a federal prisoner's sentence to accord with that of a similarly situated state convict may decrease one sentencing disparity but simultaneously enlarges another: that between the federal convict and all similarly situated federal convicts. Because penalties vary from state to state, sentence reductions to approach state penalties similarly vary with the state in which the federal sentencing court sits, unjustifiably creating disparities among federal convicts." *United States v. Wurzinger*, 467 F.3d 649, 654 (7th Cir. 2006) (citation omitted). In other words, "[a]djusting federal sentences to conform to those imposed by the states where the offenses occurred would not serve the purposes of § 3553(a)(6), but, rather, would create disparities within the federal system, which is what § 3553(a)(6) is designed to discourage." *Branson*, 463 F.3d at 1112.

Begin attempts to distinguish these authorities on the ground that the indictment in this case specifically refers to state law. Under 18 U.S.C. § 2422(b), it is unlawful to use means of interstate or foreign commerce to persuade or attempt to persuade "any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense." Count One of the indictment against Begin charged that he intended to engage in sexual relations with a 14-year-old girl, which would support statutory rape charges under Pennsylvania law. According to Begin, this reference to a Pennsylvania criminal offense makes Pennsylvania criminal penalties relevant to his federal sentencing.

15

Tellingly, Begin has adduced no authorities in support of his novel proposition that when Congress refers to state law to define some of the elements of a federal crime, it intends to incorporate state sentencing considerations. In their absence, we will not follow Begin down a rabbit hole. The federal government and the states are separate sovereigns with concurrent jurisdiction over various offenses, and they may therefore apply disparate punishments to similar conduct. *See Branson*, 463 F.3d at 1112. State-federal disparities are simply irrelevant under § 3553(a)(6), and the District Court was not required to address them.

**2**

Begin's federal-federal disparity argument is more plausible. Begin argued that the sentence for his attempt to induce statutory rape under 18 U.S.C. § 2422(b) should not exceed the fifteen-year statutory maximum penalty for actually committing statutory rape within the special maritime and territorial jurisdiction of the United States under 18 U.S.C. § 2243.

In *United States v. Ausburn*, we vacated a district court's sentence for procedural error when the court failed to consider or discuss the defendant's disparity argument under § 3553(a)(6). 502 F.3d at 330-31. Ausburn, like Begin, was convicted of violating § 2422(b) by using e-mail and a telephone to facilitate his sexual relationship with a minor. *Id.* at 316. At sentencing, Ausburn argued that the district court should consider the lenient sentences imposed in two prior criminal cases from the same district. *Id.* at 317-18. In particular, Ausburn's defense counsel argued that the district court should avoid an unwarranted disparity with the 46-

16

month sentence imposed in the *Kenrick* case, *id.* at 320-21, in which the defendant had violated a different statute, 18 U.S.C. § 2423(b), by traveling in interstate commerce for the purpose of having sex with a 15-year-old. *See United States v. Kenrick*, 241 F. App'x 10, 12 (3d Cir. 2007). The district court failed to discuss the merits of this argument, instead merely reciting that it had considered the need to avoid unwarranted sentencing disparities. *Ausburn*, 502 F.3d at 330. On appeal, we determined that the district court was obliged to discuss, consider, and rule on the defendant's § 3353(a)(6) argument and that its failure to do so constituted procedural error. *Id.* at 330-31.

Similarly, in this case, Begin has argued that an appropriate sentence should take into account the sentences imposed for similar federal offenses. Under *Ausburn*, this type of argument has colorable legal merit. We emphasize that *colorable* legal merit is distinct from *actual* merit. There is reason to believe that the predatory nature of Begin's conduct and the knife and handcuffs found in his possession distinguish his offense from a run-of-the-mill statutory rape. Indeed, the stiff penalties under § 2422(b) are intended to punish and deter predators who use the reach and anonymity of the internet to perpetrate sex crimes against children. *See* H.R. Rep. No. 105-557, at 11-12 (1998), *as reprinted in* 1998 U.S.C.C.A.N. 678, 680; *see also* Andriy Pazuniak, *A Better Way to Stop Online Predators: Encouraging a More Appealing Approach to § 2422(b)*, 40 Seton Hall L. Rev. 691, 694-98 (2010) (reviewing the legislative history § 2422(b)). Thus, when we say that Begin's claim has colorable legal merit, we mean only that, upon appropriate findings of fact, the District Court would be within its discretion to accept the argument and to factor it into the ultimate sentence.

**B**

Having concluded that Begin's federal-federal disparity argument has colorable legal merit under § 3553(a)(6), we agree with him that the District Court failed to make a sufficient record to demonstrate its consideration of that argument. Though the Court summarized Begin's state-federal disparity argument at the beginning of the sentencing hearing, it did not acknowledge that he had also made a federal-federal disparity argument. The Court asked no questions during defense counsel's oral argument in favor of downward variance on this ground and made no comments about the issue following that presentation. Strikingly, the Court did not even specifically rule on Begin's request for a variance.

Nevertheless, the Government submits that the District Court's on-the-record explanation of its sentence demonstrates its meaningful consideration of the § 3553(a) factors. To be sure, the Court articulated its consideration of several of these factors, including the nature and circumstances of the offense and the history and characteristics of the defendant. But we have held that "a district court's failure to analyze § 3553(a)(6) may constitute reversible procedural error, even where . . . the court engages in thorough and thoughtful analysis of several other sentencing factors." *Merced*, 603 F.3d at 224. In this case, the Court stated simply that its sentence "takes into account the need to avoid unwarranted disparities in sentencing among defendants with similar records who have been found guilty of similar conduct." App. 167-68. This rote recitation of § 3553(a)(6) is insufficient to permit us to review the

18

Court's resolution of Begin's disparity arguments. *See Jackson*, 467 F.3d at 841.

The Government has suggested various justifications for denying Begin's request for a downward variance. But "the question is not how we ourselves would have resolved the factors identified as relevant by section 3553(a) . . . . We are not sentencing judges." *Cooper*, 437 F.3d at 330 (quotation marks and alteration omitted). We have recognized that "the sentencing judge, not the court of appeals, 'is in a superior position to find facts and judge their import under § 3553(a) in the individual case.'" *Merced*, 603 F.3d at 214 (quoting *Tomko*, 562 F.3d at 566)). Therefore, "[w]here the record is inadequate, we do not fill in the gaps by searching the record for factors justifying the sentence." *Ausburn*, 502 F.3d at 331. Instead, we vacate procedurally unsound sentences and remand for the district court to exercise its discretion in a way that we can evaluate, and defer to, on appeal.

## IV

Accordingly, we will vacate Begin's sentence and remand for resentencing.

*United States v. Begin*

No. 11-3896

_____

**ROTH**, <u>Circuit Judge</u>, <u>dissenting in part</u>:

I concur with the majority's conclusion regarding the issue of federal/state sentencing disparities. I disagree, however, with the majority's decision to vacate the sentence and remand to the District Court for consideration of the alleged federal/federal sentencing disparity. I would hold, as a matter of law, that the disparity between the two federal statutes raised here is irrelevant to the consideration of sentence disparities under 18 U.S.C. § 3553(a)(6). I would, therefore, affirm the sentence imposed.

Begin pled guilty to 18 U.S.C. § 2422(b), which states:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

1

18 U.S.C. § 2422(b). Begin contends that the District Court should have considered the potential sentence he would have faced had he actually committed statutory rape in the special maritime or territorial jurisdiction of the United States and been prosecuted pursuant to 18 U.S.C. § 2243, which states:

> Whoever, in the special maritime and territorial jurisdiction of the United States . . . knowingly engages in a sexual act with another person who (1) has attained the age of 12 years but has not attained the age of 16 years; and (2) is at least four years younger than the person so engaging; or attempts to do so, shall be fined under this title, imprisoned not more than 15 years or both.

18 U.S.C. § 2243(a).

These are diverse statutes. Section 2422(b) was enacted as part of the Telecommunications Act of 1996 and subsequently rewritten by the Child Protection and Sexual Predator Punishment Act of 1998, which was intended as "a comprehensive response to the horrifying menace of sex crimes against children, particularly assaults facilitated by computers." *United States v. Tykarsky*, 446 F.3d 458, 467 & n.4 (3d Cir. 2006) (discussing the statutory text, legislative purpose and history). It clearly contemplates situations involving the use of force or persuasion. *See* 18 U.S.C. § 2422(b) (specifying that perpetrator "knowingly persuades, induces, entices, or coerces" the minor).

By contrast, § 2243 was enacted as part of the Sexual Abuse Act of 1986, which modernized federal rape statutes by, *inter alia*, defining the offenses in gender neutral terms

2

and expanding the offenses to reach all forms of sexual abuse of another.  H.R. Rep. No. 99-594, at 10-11 (1986), *as reprinted in* 1986 U.S.C.C.A.N. 6186, 6190-91.  Whereas other sections of the Act apply to sexual abuse involving threats or force, § 2243(a) "reaches noncoercive conduct" and prohibits sexual acts based on the victim's age.  *Id.* at 16-17, 1986 U.S.C.C.C.A.N. at 6196-97.  *Compare* 18 U.S.C. § 2243(a) (requiring only that perpetrator "knowingly engages in a sexual act" with the victim and specifying age requirements), *with* 18 U.S.C. § 2241 (requiring that the perpetrator use force or threats to engage in sexual acts and omitting any reference to the victim's age).  Indeed, § 2243(a) "applies to behavior that the participants voluntarily and willingly engage in" and "is intended to reach older, mature persons who take advantage of younger, immature persons, but not to reach sexual activity between persons of comparable age."  H.R. Rep. No. 99-594, at 16, 1986 U.S.C.C.A.N. at 6197.  It thus provides for a "young lovers" exception by requiring at least a four-year age difference between the perpetrator and the victim, thereby excluding consensual sex between teenagers.  *See* 18 U.S.C. § 2243(a)(2); *see also United States v. White Calf*, 634 F.3d 453, 457 (8th Cir. 2011) (explaining that § 2243(c)(1) also provides a narrow affirmative defense that the defendant reasonably believed that the victim had attained the age of 16, "ostensibly to ameliorate the harsh effects of the statute in cases of otherwise consensual teenage sex").

Because these two federal statutes do not address similar conduct, the disparity in their penalties is not within the scope of § 3553(a)(6), which is concerned only with "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty

3

of similar conduct." 18 U.S.C. § 3553(a)(6). I believe it is within this Court's power to make this determination as a matter of law. *See, e.g.*, *Mahmood v. Gonzales*, 427 F.3d 248, 253 (3d Cir. 2005) ("When the outcome is clear as a matter of law, however, remand is not necessary."); *In re Ben Franklin Hotel Assocs.*, 186 F.3d 301, 306 (3d Cir. 1999) ("Because the record has been sufficiently developed for us to resolve this legal issue, we need not remand to the District Court to consider it in the first instance."). I would, therefore, affirm the sentence that the District Court imposed.