**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3655
_____

UNITED STATES OF AMERICA

v.

TERLAZZO WILTSHIRE,

Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 1-12-cr-00107-001)
District Judge:  Hon. Sylvia H. Rambo

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 19, 2014

Before:  MCKEE, Chief Judge, CHAGARES, and NYGAARD, Circuit Judges.

(Opinion Filed:  June 2, 2014)
_____

OPINION
_____

CHAGARES, Circuit Judge.

Terlazzo Wiltshire appeals the 151-month sentence he received after pleading

guilty to one count of manufacturing, distributing, and possessing with the intent to

manufacture and distribute cocaine and cocaine base, in violation of 21 U.S.C. §

841(a)(1), and aiding and abetting, in violation of 18 U.S.C. § 2.  For the reasons that follow, we will affirm.

I.

We write solely for the parties and therefore recite only the facts that are necessary to our disposition.  On August 31, 2011, Wiltshire was arrested after selling 4.5 ounces of cocaine to a confidential source of the Drug Enforcement Administration and the Dauphin County Drug Task Force.  After his arrest, Wiltshire was released from custody with the understanding that he would cooperate with authorities by assisting with the apprehension of federal fugitives.  Wiltshire was subsequently arrested by Pennsylvania state police after selling 24.7 grams of crack cocaine to another confidential source.

On April 25, 2012, a grand jury in Harrisburg, Pennsylvania returned a four-count indictment against Wiltshire, charging him with:  (1) manufacturing, distributing, and possessing with the intent to distribute cocaine and cocaine base, in violation of 18 U.S.C. § 841(a)(1); (2) interstate travel in aid of racketeering, in violation of 18 U.S.C. § 1952; (3) using a communication facility to commit a felony drug offense, in violation of 21 U.S.C. § 843(b); and (4) conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846.  Wiltshire pleaded guilty to Count 1 on January 10, 2013, pursuant to a plea agreement, and the remaining counts were dismissed.

Prior to Wiltshire's sentencing hearing, which took place on April 7, 2013, the Probation Office prepared a Presentence Report ("PSR") calculating an advisory Sentencing Guideline range of 151 to 188 months of imprisonment.  The PSR calculated a base offense level of 26, derived from the amount of drugs involved pursuant to United

2

States Sentencing Guideline ("U.S.S.G.") § 2D1.1(c)(7). The PSR also recommended a three-level decrease for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. However, because Wiltshire had two prior felony convictions for crimes of violence, the PSR classified Wiltshire as a Career Offender under U.S.S.G. § 4B1.1, resulting in a total offense level of 29 (which included the 3-level decrease for acceptance of responsibility) and a Criminal History Category of VI. This corresponded to an advisory Guideline range of 151 to 188 months of imprisonment. Neither the Government nor defense counsel filed objections to the PSR, although Wiltshire raised pro se objections to his Criminal History classification and the amount of drugs involved in his crime at sentencing.

At the sentencing hearing, the District Court heard from defense counsel, the Government, and Wiltshire. Defense counsel and Wiltshire both requested that the District Court grant a variance downward from the Guideline range based on Wiltshire's cooperation with the Government, although the Government declined to file a § 5K1.1 departure motion in light of Wiltshire's sale of drugs after his initial release from custody. After hearing from the parties, the District Court denied Wiltshire's request and sentenced him to 151 months of imprisonment, three years of supervised release, a $1000 fine, and a $100 special assessment. The District Court granted Wiltshire a 3-level decrease for acceptance of responsibility, despite some discussion at the hearing as to whether such a decrease was appropriate in light of the fact that Wiltshire pleaded not guilty to his pending state charges. The District Court explained its reasons for imposing such a sentence, stating, "The Court has imposed this sentence for the following reasons:

3

One, this defendant was involved in a substantial amount of cocaine, both powder and crack cocaine. The court recognizes that he initially did cooperate with the government, but his conduct prior to sentencing, while the court did not take away his acceptance of responsibility three-point reduction, I do consider that in sentencing him to the minimum of the guideline range and will not grant the requested variance for the aforesaid reasons." Appendix ("App.") 27. Wiltshire timely appealed.

## II.[1]

Wiltshire argues that the District Court failed to consider the sentencing factors set forth in 18 U.S.C. § 3553(a), and, specifically, that the District Court erred in refusing to grant Wiltshire's request for a downward variance based on his cooperation with the Government.[2] Rather, Wiltshire asserts that the District Court "only considered the sentencing guidelines," and failed to consider the "totality of the circumstances" here. Wiltshire Br. 6.

We review the procedural and substantive reasonableness of a district court's sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). We "take up the procedural review first, looking to see that the district court has committed no

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[2] Wiltshire also argues that the District Court should not have applied the Career Offender Guidelines. Wiltshire Br. 10. However, Wiltshire fails to provide any explanation or justification for this argument. To the extent this argument arises from a point Wiltshire made at sentencing – that the sentences he received for three prior convictions ran concurrently, not consecutively – the District Court, Wiltshire's counsel, and the Probation Officer all explained that these convictions counted separately for purposes of calculating Wiltshire's Criminal History Category, even if the sentences ran concurrently. See App. 13-15.

4

significant error." United States v. Levinson, 543 F.3d 190, 195 (3d Cir. 2008). "If the sentencing decision passes that first stage of review, we then, at stage two, consider its substantive reasonableness." Id.

In reviewing for procedural error, we "ensure that the district court (1) correctly calculated the defendant's advisory Guidelines range, (2) appropriately considered any motions for a departure under the Guidelines, and (3) gave meaningful consideration to the sentencing factors set forth in 18 U.S.C. § 3553(a)." United States v. Begin, 696 F.3d 405, 411 (3d Cir. 2012). However, "meaningful consideration" does not mean that the District Court is required to "make explicit findings as to each sentencing factor"; rather, it is sufficient if "the record makes clear that the court took all the factors into account." Id. at 411. If there is no procedural error, we review the sentence for substantive reasonableness, and we will affirm unless "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

Analysis of the record here reflects that the District Court did not abuse its discretion in sentencing Wiltshire, nor did it err procedurally or substantively. The District Court properly calculated Wiltshire's advisory Guideline range based on his total offense level and his status as a Career Offender, and exercised its discretion in granting him a 3-level decrease for acceptance of responsibility despite some doubt as to whether

5

he was actually entitled to it.[3]  See App. 19.  At the sentencing hearing, the District Court directly responded to all of the arguments presented by defense counsel and by Wiltshire pro se.  In addition, the District Court explicitly addressed Wiltshire's argument that he was entitled to a downward variance for cooperation, and, while declining to grant a variance, explained that it had considered his cooperation in deciding to sentence him to the low end of the advisory Guideline range.  See App. 27.

With regard to substantive reasonableness, we cannot say that "no reasonable sentencing court would have imposed the same sentence on [Wiltshire] for the reasons the [D]istrict [C]ourt provided."  Tomko, 562 F.3d at 568.

Further, the record provides no support for Wiltshire's assertion that the District Court only considered the advisory Guidelines in sentencing Wiltshire.  To the contrary, the District Court explained that its sentence was based on the large quantity of drugs involved, Wiltshire's cooperation, his acceptance of responsibility, and his subsequent criminal conduct.  Although Wiltshire properly observes that this Court does not "deem a within-Guidelines sentence presumptively reasonable," United States v. Hoffecker, 530 F.3d 137, 204 (3d Cir. 2008), we do not need to presume reasonableness here:  the record amply supports our holding that the sentence imposed was both procedurally and substantively reasonable.

IV.

---

[3] Wiltshire encourages this Court to "give defendant credit for acceptance of responsibility," but, confusingly, does not acknowledge that the District Court did in fact do so.  Wiltshire Br. 10.

6

For the foregoing reasons, we will affirm the District Court's judgment of sentence.