**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3799
_____

UNITED STATES OF AMERICA

v.

MICHAEL J. SCHLAGER,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 5-10-cr-00753-2)
District Judge:  Hon. Paul S. Diamond

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 21, 2014

Before:  CHAGARES, GREENAWAY, JR., and VANASKIE, Circuit Judges.

(Opinion Filed:  July 31, 2014)
_____

OPINION
_____

CHAGARES, Circuit Judge.

Michael Schlager appeals the 240 month sentence he received after pleading guilty

to one count of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 371, and two

counts of mail fraud and aiding and abetting, in violation of 18 U.S.C. §§ 2 and 1341.

For the reasons that follow, we will affirm.

I.

We write solely for the parties and therefore recite only the facts that are necessary to our disposition. On November 18, 2010, a grand jury filed a nine-count indictment in the Eastern District of Pennsylvania charging Schlager with one count of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 371, and eight counts of mail fraud, in violation of 18 U.S.C. § 1341. On January 5, 2011, pursuant to a plea agreement, Schlager pleaded guilty to one count of conspiracy to commit mail fraud and two counts of mail fraud and aiding and abetting.

Prior to the sentencing hearing, both parties filed sentencing memoranda discussing, inter alia, the 18 U.S.C. § 3553 sentencing factors. At the sentencing hearing, the District Court sentenced Schlager to 240 months of imprisonment, five years of supervised release, payment of $53 million in restitution, and a $300 special assessment. Appendix ("App.") 195-98. In imposing its sentence, the District Court varied downward from the applicable advisory Sentencing Guideline range of 292 to 365 months of imprisonment. The District Court entered judgment of conviction on September 12, 2012, and this timely appeal followed.

Schlager argues that the District Court erred in failing to address all of his arguments. Specifically, in his sentencing memorandum, Schlager argued, pursuant to 18 U.S.C. § 3553(a), that he was "very unlikely to ever commit another crime. He is well into middle age with no prior record." Id. at 133. The Government, in its sentencing memorandum, similarly asserted that Schlager was "not likely to commit further crimes." Id. at 152. Schlager argued that the District Court procedurally erred in failing to address

2

this specific argument at the sentencing hearing, and that this violates this Court's requirement that the record "make clear that the district judge has considered the parties' arguments . . . ." United States v. Begin, 696 F.3d 405, 411 (3d Cir. 2012) (quotation marks omitted).

## II.[1]

The parties disagree on the applicable standard of review. Schlager argues that this Court must review the District Court's sentence for abuse of discretion. See Begin, 696 F.3d at 411. The Government argues that we should review the District Court's sentence for plain error, because Schlager did not object, after imposition of the sentence, to the District Court's failure to address the particular argument at issue here. We conclude that Schlager's argument fails under even the less deferential abuse of discretion standard.

## III.

We review sentences imposed by the District Court to ensure that they are procedurally and substantively reasonable. United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). In reviewing for procedural error, which Schlager alleges here, we "ensure that the district court (1) correctly calculated the defendant's advisory Guidelines range, (2) appropriately considered any motions for a departure under the Guidelines, and (3) gave meaningful consideration to the sentencing factors set forth in 18 U.S.C. § 3553(a)." Begin, 696 F.3d at 411. If the District Court has procedurally

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

erred, "we will generally remand the case for re-sentencing, without going any further." United States v. Wright, 642 F.3d 148, 152 (3d Cir. 2011) (quotation marks omitted).[2]

Schlager's argument is limited to one issue: whether the District Court erred by failing to consider explicitly, at the sentencing hearing, his assertion that he is unlikely to commit another crime due to his age and lack of prior criminal record.

The District Court must produce a record reflecting "meaningful consideration of the relevant sentencing factors." United States v. Merced, 603 F.3d 203, 215 (3d Cir. 2010). The record must make clear that the District Court "has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007). However, the District Court "need not analyze explicitly every argument that a defendant puts forward." United States v. Quiles, 618 F.3d 383, 397 (3d Cir. 2010). The District Court is not required to "make explicit findings as to each sentencing factor if the record makes clear that the court took all the factors into account." Begin, 696 F.3d at 411.

In the instant case, the District Court heard extensive argument from defense counsel at the sentencing hearing, as well as statements made by supporters of Schlager and Schlager himself. The District Court acknowledged Schlager's status as a 51-year-

---

[2] If there is no procedural error, we review the sentence for substantive reasonableness, and we will affirm unless "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." Tomko, 562 F.3d at 568. However, Schlager does not challenge the substantive reasonableness of his sentence, and, in any event, has not demonstrated that no reasonable sentencing court would have imposed the same sentence on him for the reasons described by the District Court here.

4

old married man with a family and an ill wife, and noted that he had no criminal history. The District Court explicitly stated that it had considered, among other things, the need to "protect the public from further crimes this defendant might commit." App. 190. The District Court also observed that Schlager's fraud resulted in serious consequences for many people, and the "seriousness of the crime calls out for general deterrence and for just punishment." Id.

The District Court then informed the parties that, although it would address at the hearing "only the points [defense counsel] has raised here in court," it had "considered everything [defense counsel] has raised in his brief." Id. at 191. The District Court addressed several of Schlager's arguments for a downward variance, and stated that the only argument it found persuasive was that Schlager confessed early to the authorities. Id. at 192. The District Court told the parties that it intended to impose a sentence of 240 months of imprisonment, a downward variance from the advisory Guideline range, and asked the parties if they knew of any reason that sentence should not be imposed. Id. at 193-94. The parties answered in the negative, and the District Court then imposed that sentence. Id. at 195.

From this record, it is clear that the District Court considered all of the arguments made in Schlager's sentencing memorandum, including the specific argument relating to his low risk of recidivism. The District Court acknowledged Schlager's age and lack of criminal history, noted that it had considered both the need to protect the public from further crimes and all of the arguments made in Schlager's sentencing memorandum, and ultimately imposed a sentence that varied downwards significantly from the advisory

5

Guideline range, based on another argument the court found persuasive. This is a far cry from a "rote statement that the court has considered each of the § 3553(a) factors," but rather makes clear that the District Court considered the parties' arguments and had a "reasoned basis for exercising his own legal decisionmaking authority." Begin, 696 F.3d at 411 (quotation marks omitted).

The Supreme Court addressed a somewhat similar scenario in Rita, where the defendant argued that, based on his poor physical health, vulnerability in prison due to prior involvement in criminal justice work, and record of military service, he was entitled to a sentence below the advisory Guideline range. See 551 U.S. at 344-45. The District Court rejected this request, explaining only that it viewed a Guideline sentence as not "inappropriate" and a sentence at the lower end of the advisory Guideline range as "appropriate." See id. at 358. The Supreme Court upheld the sentence, holding that, although the judge "might have said more," "[w]here a matter is as conceptually simple as in the case at hand and the record makes clear that the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to write more extensively." Id. at 359; see also Tomko, 562 F.3d at 568-69 (upholding District Court's sentence even though the District Court did not explicitly address Government's deterrence argument because the record "demonstrate[d] that the District Court heard the Government's impassioned plea, considered general deterrence, and handed down Tomko's sentence"). Schlager's assertion that he is not likely to commit crimes in the future is a straightforward one, equally conceptually simple as the arguments made in

Rita. Indeed, the District Court's explanation here was substantially more extensive than that of the District Court in Rita.[3]

Schlager relies heavily on this Court's decision in Begin, where we held that the District Court committed procedural error in failing to consider meaningfully one of the defendant's arguments. See 696 F.3d at 414. We do not find Schlager's arguments persuasive. In Begin, the defendant sought a downward variance based on two arguments relating to sentencing disparities: one based on sentences under state law and one based on sentences under federal law. See id. at 408-09. At the sentencing hearing, the District Court acknowledged only that the defendant made a state-federal disparity argument, but failed to directly address this or even acknowledge his federal-federal disparity argument. See id. at 409-10. The District Court never explicitly ruled on his request for a downward variance, although it did acknowledge that its sentence "takes into account the need to avoid unwanted disparities in sentencing among defendants with similar records who have been found guilty of similar conduct." See id. at 410 (quotation marks omitted). This Court held that the defendant's federal-federal disparity argument had "colorable legal merit," such that the District Court was required to address it. Id. at 413. We determined that the District Court had failed to do so, because the court "did not acknowledge that [defendant] had also made a federal-federal disparity argument" when

_____

[3] The Court in Rita noted that "when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation," but "[w]here the judge imposes a sentence outside the Guidelines, the judge will explain why he has done so." 551 U.S. at 356-57. Here, the District Court did vary downwards to grant Schlager a below-Guidelines sentence, but explained that it did so because it found persuasive the fact that Schlager confessed early to the authorities. App. 192. Naturally, Schlager does not assert that this downward variance was unsupported or granted in error.

7

it summarized defendant's state-federal disparity argument, "asked no questions during defense counsel's oral argument in favor of downward variance on this ground and made no comments about the issue following that presentation," and "did not even specifically rule on Begin's request for a variance." Id. at 414. We held that the "rote" statement that the District Court had considered the need to avoid unwanted sentencing disparities was insufficient to constitute meaningful consideration of Begin's argument. See id.

The instant case is distinct in several material respects. Notably, unlike in Begin, at Schlager's sentencing hearing, defense counsel did not argue that Schlager was unlikely to commit crimes in the future. Further, in the instant case, the District Court assured the parties that it had considered all of the arguments made in the sentencing memoranda, but would confine its discussion to the arguments put forth at the sentencing hearing. Neither party objected to this, even when explicitly given the chance to voice their concerns before the sentence was imposed. Finally, although the District Court here did not explicitly reference Schlager's argument on his low risk of recidivism, it explicitly noted Schlager's age and lack of prior criminal history at the hearing, demonstrating an understanding and consideration of the precise facts Schlager asserts put him at a low risk of reoffending. The record makes clear that the District Court meaningfully considered Schlager's argument, and we therefore find that the District Court did not abuse its discretion in imposing Schlager's sentence.

IV.

For the foregoing reasons, we will affirm the District Court's judgment of sentence.

8