**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1125
_____

UNITED STATES OF AMERICA

v.

ANTHONY JEFFERSON,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 2-13-cr-00137-002)
District Judge: Hon. Kevin McNulty

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 8, 2016

BEFORE: FISHER, COWEN and RENDELL, <u>Circuit Judges</u>

(Filed: April 27, 2016)

_____

OPINION*
_____

COWEN, <u>Circuit Judge</u>

---

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Anthony Jefferson appeals from the conviction and sentence entered by the United States District Court for the District of New Jersey. We will affirm.

I.

Jefferson was indicted on three counts: (1) conspiracy under 18 U.S.C. § 371 to commit a carjacking in violation of 18 U.S.C. § 2119 and to brandish a firearm in furtherance of the carjacking in violation of 18 U.S.C. § 924(c)(1)(A)(ii); (2) carjacking (and aiding and abetting the carjacking) in violation of § 2119(1) and 18 U.S.C. § 2; and (3) brandishing (and aiding and abetting brandishing) of a firearm in furtherance of the carjacking in violation of § 924(c)(1)(A)(ii) and § 2. On March 3, 2014, the jury found Jefferson guilty on all counts and also made a specific finding that he brandished a firearm in furtherance of the carjacking.

On March 5, 2014, the Supreme Court decided <u>Rosemond v. United States</u>, 134 S. Ct. 1240 (2014). The <u>Rosemond</u> Court addressed what the government "must show when it accuses a defendant of aiding or abetting" a § 924(c) offense. <u>Id.</u> at 1243. The District Court notified the parties that any post-trial motions relating to the § 924(c) firearms component should include a discussion of the effect, if any, of <u>Rosemond</u>. Emphasizing this recent Supreme Court decision, Jefferson moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 and for a new trial pursuant to Federal Rule of Criminal Procedure 33. The District Court heard oral argument. For the reasons it set forth in a comprehensive written opinion, it denied Jefferson's motions. Jefferson was then sentenced to 20 months' imprisonment on Counts One and Two, to be served

2

concurrently, and 84 months of imprisonment on Count Three, to be served consecutively—for a total term of imprisonment of 104 months.

## II.

According to Jefferson, the District Court improperly instructed the jury "as to the intent element of the weapons, i.e. brandishing offense."[1] (Appellant's Brief at 4.) Even if we were to assume for purposes of this appeal that the jury instruction was inconsistent with Rosemond, Jefferson cannot show that any such error affected either the outcome of the trial or the fairness, integrity, or reputation of this proceeding. In short, there was ample evidence that Jefferson had "advance knowledge that a confederate would use or carry a gun during the crime's commission." Rosemond, 134 S. Ct. at 1243. For instance, John Cinardo testified that, at approximately 3:00 a.m., he saw Jefferson and Sharod Culp (Jefferson's childhood friend) conversing and walking together down the middle of Patterson Street towards his car. "Immediately their paths diverged (they

---

[1] The District Court possessed subject matter jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction under 18 U.S.C. § 1291. It is uncontested that we must apply a plain error standard of review with respect to Jefferson's challenge to the District Court's jury instructions. Under this standard, the appellant must show: (1) there is an error; (2) the error is clear or obvious; (3) the error "'affected the appellant's substantial rights, which in the ordinary case means' it 'affected the outcome of the district court proceedings;'" and (4) the error "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" United States v. Marcus, 560 U.S. 258, 262 (2010) (quoting Puckett v. United States, 556 U.S. 129, 135 (2009)). We review the sentence for procedural error, ensuring that the district court, inter alia, correctly calculated the advisory Guidelines range and gave meaningful consideration to the sentencing factors set forth in 18 U.S.C. § 3553(a). See, e.g., United States v. Freeman, 763 F.3d 322, 335 (3d Cir. 2014), cert. denied, 135 S. Ct. 1189 (2015), and cert. denied, 135 S. Ct. 1467 (2015). We next consider the substantive reasonableness of the sentence. See, e.g., id.

formed a 'V,' said [the other victim, Leandra] Semedo). Culp went to the driver's side of the car, Jefferson to the passenger's side. Culp immediately displayed a gun and ordered Cinardo out of the car." United States v. Jefferson, Crim. No. 13-137 (KM), 2014 WL 1745027, at *11 (D.N.J. Apr. 29, 2014). Culp then took the victims into the alleyway at gunpoint. Jefferson, for his part, did not express any shock or otherwise attempt to withdraw after the gun was brandished. On the contrary, he drove away with his friend— after he had "taunted the victims and urged Culp to shoot Cinardo."[2] Id. at *12.

Furthermore, the District Court did not commit any reversible error with respect to Jefferson's sentencing. While he contends that the government failed to provide proper documentation for one of his two juvenile dispositions, his trial counsel informed the District Court that "further research shows that Probation was accurate that the Defendant has two juvenile convictions for burglary and eluding both third-degree crimes which both occurred within three months of each other in 2009" and even included the orders of disposition as exhibits. (SA237.) Jefferson argues that the District Court "failed to properly consider facts as to the nature and the circumstances of the offenses."

_____

[2] Jefferson takes particular issue with the District Court's determination that he enthusiastically continued to participate in the carjacking after learning that Culp was using a gun. According to him, Cinardo's testimony about Jefferson goading or antagonizing Culp was "effectively negated" on cross-examination "when the victim essentially acknowledged that he either intentionally or otherwise made misstatements to the police, perhaps out of desire to see defendant prosecuted for a bias crime." (Appellant's Brief at 9.) However, he still told the police that "'I forgot exactly what, but he just said like, "shoot them"' basically." (A162.) We further note that the jury simply asked to review the instructions (without specifying any particular claim or issue) and that the District Court's failure to require the jury to resolve the issue of foreknowledge on the verdict sheet (before Rosemond was even decided) did not constitute reversible error.

(Appellant's Brief at 12.) The District Court, however, meaningfully considered the specific nature and particular circumstances of the criminal conduct at issue here, noting, among other things, that the victims were taken into the alley and "put in fear of their lives, probably feeling this moment could be their last." (A439.) Imposing a sentence two years below the bottom of the Guidelines range, the District Court acknowledged that "there is much good in" Jefferson and took into account the "impressive sheath of letters from ordinary people, friends, associates, and family members, speaking of his good character and his helpfulness, and likeability and responsibility." (A440.) Finally, we do not believe that, under these circumstances, the below-guidelines sentence was substantively unreasonable. See, e.g., United States v. Begin, 696 F.3d 405, 413 (3d Cir. 2012) ("State-federal disparities are simply irrelevant under § 3553(a)(6), and the District Court was not required to address them.").

III.

We will affirm Jefferson's criminal conviction and sentence.