**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2167
_____

UNITED STATES OF AMERICA

v.

BEN MCCORMACK,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 4-16-cr-00173-001)
District Judge: Matthew W. Brann

_____

Argued: March 23, 2021
_____

Before: HARDIMAN, GREENAWAY, JR., and BIBAS, *Circuit Judges*

(Opinion Filed: May 10, 2021)

Heidi Freese, Federal Public Defender
Quin M. Sorenson, Assistant Federal Public Defender [ARGUED]
Office of the Federal Public Defender, Middle District of Pennsylvania
100 Chestnut Street
Suite 306
Harrisburg, PA 17101
    *Attorneys for Appellant*

Bruce D. Bandler, Acting United States Attorney
George J. Rocktashel, Assistant United States Attorney [ARGUED]
Office of the United States Attorney, Middle District of Pennsylvania
240 West Third Street

Suite 316
Williamsport, PA 17701
　　　*Attorneys for Appellee*

_____

OPINION[*]

_____

GREENAWAY, JR., *Circuit Judge*.

Ben McCormack and accomplices robbed three stores that sell guns. McCormack later pleaded guilty to two federal offenses. Prior to sentencing, he objected to the application of a four-level increase to his Offense Level pursuant to U.S. Sentencing Guideline § 2K2.1(b)(5). The District Court purported to resolve McCormack's objection and found that the enhancement applied. However, when the District Court resolved the objection, it cited to and quoted from U.S. Sentencing Guideline § 2K2.1(b)(6)(B). Because we find that the District Court committed a procedural error, we will vacate McCormack's sentence and remand to the District Court for resentencing.

## I.　Background

Ben McCormack and several accomplices stole nearly 100 weapons from three businesses in Pennsylvania. McCormack sold many of the stolen firearms for cash. He also contacted an individual known to law enforcement to be involved in drug trafficking to arrange the sale of some of the firearms. A day after his third heist, McCormack was

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

arrested. His home and vehicle were searched. Burglary tools and stolen firearms from three Federal Firearm Licensees ("FFLs") were recovered.

On January 5, 2018, McCormack entered a plea of guilty to one count of conspiracy, 18 U.S.C. § 371, to steal firearms from a FFL, and Possess and Receive Stolen Firearms Shipped in Interstate Commerce, 18 U.S.C. § 922(j), (u) (Count 1); and one count of Theft of Firearms From a FFL, 18 U.S.C. § 922(u) (Count 2).

The U.S. Probation Office prepared a Presentence Investigation Report ("PSR") in which it calculated McCormack's Total Offense Level as thirty-five. This was based on a Base Offense Level of twenty-two, a four-level increase pursuant to § 2K2.1(b)(5); a four-level increase pursuant to § 2K2.1(b)(6)(B); and two other increases. McCormack objected to the application of the enhancement pursuant to § 2K2.1(b)(5), arguing that there was nothing in the record supporting application of the enhancement. The Probation Office, nevertheless, maintained its position that § 2K2.1(b)(5) applied, issuing a revised PSR with a Total Offense Level of thirty-four.[1]

In a Sentencing Memorandum submitted to the District Court, McCormack objected to the application of § 2K2.1(b)(5) for the trafficking of firearms, claiming that nothing "in the signed and filed plea agreement, the Government's Memorandum of Offense Conduct . . . , and the statement of offense conduct read into the record at the change of plea hearing on January 5, 2018," supported the application of the

---

[1] When calculating McCormack's offense level in the revised PSR, the Probation Office applied a provision of § 2K2.1 that limits the cumulative offense level from the application of subsections § 2K2.1(b)(1) through (b)(4) to twenty-nine. The Probation Office did not apply this provision when it prepared McCormack's first PSR.

enhancement. Sentencing Memorandum 6. More specifically, McCormack argued that while the Government may have known that one of the individuals he sold firearms to was a drug trafficker, McCormack did not know or have reason to believe that that individual's possession of the guns would be unlawful or that he would dispose of them unlawfully.

McCormack appeared for sentencing in the District Court, and the parties argued the applicability of § 2K2.1(b)(5). McCormack's counsel argued that based on the record before the Court, the Government failed to meet its burden of showing that McCormack "knew or had reason to believe that the conduct would result in the transport or disposal of firearms to an individual whose possession would be unlawful." J.A. 71. The Government responded with facts it believed supported the application of the enhancement including: (1) a reference within the Revised PSR to the transfer of guns to an individual known to the government to be involved with drug trafficking, (2) McCormack's meeting with an intermediary to arrange the transfer of firearms, (3) McCormack's transfer of guns to one of his accomplices as payment, (4) McCormack's knowledge, based on his own criminal history, that the individuals receiving the weapons would be in receipt of and possession of stolen property, and (5) the number of transferred firearms. The Government summed up by arguing that the "ultimate recipients" of the weapons "were individuals who were involved in criminal activity." J.A. 71–72.

The District Court overruled McCormack's objection and found that § 2K2.1(b)(5) applied. The District Court stated:

4

> United States Sentencing Guideline 2K2.1(b)(6)(B) prescribes a four-level enhancement if the defendant, quote, possessed or transferred any firearm or ammunition with knowledge, intent or reason to believe that it would be used or possessed in connection with another felony offense, end quote.
>
> The record here supports the application of this enhancement, including the quantity of stolen firearms sold, multiple sales to the same individual, and that this individual has been known to engage in drug trafficking.
>
> So I have now resolved all objections to the presentence report.

J.A. 72.

The District Court determined that McCormack had a Total Offense Level of thirty and a Criminal History Category of III, which resulted in a Sentencing Guidelines Advisory Range of 121 to 151 months of imprisonment. The District Court sentenced McCormack to a term of imprisonment of 121 months. This timely appeal followed.

## II.   Discussion[2]

McCormack appeals the application of § 2K2.1(b)(5) on the same grounds he raised in the District Court. Specifically, he contends that he "never admitted or even suggested that he knew or had any reason to know that [the individuals he sold the stolen firearms to] would use them to engage in unlawful activity." Appellant's Br. at 6. Thus, with a record lacking evidence of McCormack's "knowledge that [the firearms] would be used illegally" the Government could not and did not meet its burden to prove that § 2K2.1(b)(5) applied. *Id.*

---

[2] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

Our review of a District Court's sentence proceeds in two stages, and we apply an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). *First*, we consider "whether the Court committed a significant procedural error, such as improperly calculating the Guidelines range." *United States v. Zabielski*, 711 F.3d 381, 386 (3d Cir. 2013). "If the district court has committed procedural error, 'we will generally remand the case for resentencing, without going any further.'" *United States v. Freeman*, 763 F.3d 322, 335 (3d Cir. 2014) (quoting *United States v. Begin*, 696 F.3d 405, 411 (3d Cir. 2012). *Second*, if the District Court's sentence is procedurally sound, we "consider the substantive reasonableness of the sentence imposed . . . . tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall*, 552 U.S. at 51.

Here, the District Court committed procedural error. The District Court cited to and quoted from § 2K2.1(b)(6)(B), suggesting that it was addressing an objection to the application of that enhancement. *Compare* J.A. 72, *with* U.S. Sent'g Guidelines Manual § 2K2.1(b)(6)(B) (U.S. Sent'g Comm'n 2018). McCormack, of course, had not objected to the application of § 2K2.1(b)(6)(B), but had objected to the application of § 2K2.1(b)(5).

The District Court's cursory analysis fails to clarify whether the reference to the wrong enhancement was simply a mistake or if the Court had § 2K2.1(b)(6)(B) in mind when resolving McCormack's objection. The facts that the District Court listed—the quantity of firearms, multiple sales to one individual, and that an individual who received

6

the weapons was known to be a drug trafficker[3]—do not, without further explication by the District Court, clarify whether the District Court was analyzing the application of § 2K2.1(b)(5) or § 2K2.1(b)(6). Section 2K2.1(b)(5) applies when, among other things, the defendant "knew or had reason to believe that [his] conduct would result in the . . . transfer . . . of a firearm to an individual . . . who intended to use or dispose of the firearm unlawfully," U.S. Sent'g Guidelines Manual § 2K2.1 cmt. n.13(A)(ii), and § 2K2.1(b)(6)(B) applies when the defendant "transferred any firearm . . . with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." Thus, the three-interrelated facts the District Court mentioned could, with several inferences, support the conclusions that (1) McCormack transferred the firearms to someone McCormack knew or had reason to believe was involved in drug trafficking and intended to use the guns unlawfully, satisfying § 2K2.1(b)(5), or (2) that McCormack had knowledge that or reason to believe that someone he transferred the weapons to would use them in connection with drug trafficking felonies, satisfying § 2K2.1(b)(6)(B). *See, e.g.*, *United States v. Cicirello*, 301 F.3d 135, 141–3 (3d Cir. 2002) (considering the application of a prior version of

---

[3] We note that the District Court's statement regarding this individual does not resolve McCormack's objection. The basis of McCormack's objection, in part, was that the Government had not introduced sufficient evidence to prove that McCormack had the requisite knowledge regarding this individual being involved with drug trafficking. Simply stating that "this individual has been known to engage in drug trafficking" does not address whether McCormack "knew or had reason to believe" that the individual was engaged in drug trafficking. *See* U.S. Sent'g Guidelines Manual § 2K2.1 cmt. n.13(A)(ii); *see also* Fed. R. Crim. P. 32(i)(3)(B).

7

§ 2K2.1(b)(6)); *United States v. Asante*, 782 F.3d 639, 646 (11th Cir. 2015) (considering the application of § 2K2.1(b)(5)).

The record before us does not allow us to conclude that the District Court's reference to § 2K2.1(b)(6)(B) "was merely inadvertent." Appellee's Letter Br. 1–2. Ultimately, because we cannot discern whether the District Court addressed and resolved the objection McCormack raised, we find that the District Court erred.

## III.     Conclusion

As a result of the District Court's procedural error, we will vacate McCormack's sentence and remand for resentencing.[4]

---

[4] Although both parties urge us to reach the merits of McCormack's appeal, we decline to do so given the procedural error. *See United States v. Wright*, 642 F.3d 148, 152 (3d Cir. 2011) ("If we find procedural error at any step [of the sentencing process], we will generally 'remand the case for re-sentencing, without going any further.'") (quoting *United States v. Merced*, 603 F.3d 203, 214 (3d Cir. 2010)).