NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1384
_____

UNITED STATES OF AMERICA

v.

KIRK ROBINSON,
            Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No. 3-13-cr-00093-001
District Judge: The Honorable James M. Munley

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 21, 2015

Before: RENDELL, SMITH, and KRAUSE, *Circuit Judges*

(Filed: January 29, 2015)
_____

OPINION*
_____

SMITH, *Circuit Judge.*

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Kirk Robinson pleaded guilty pursuant to a plea agreement to (1) conspiring to use, carry, and brandish a firearm in furtherance of a robbery, (2) robbery, (3) armed bank robbery, and (4) mail fraud.  Upon Robinson's arrest, he agreed to cooperate against his co-conspirators.  That cooperation resulted in two additional arrests.  For this assistance, the Government and Robinson agreed jointly to recommend a sentence of 16 years' incarceration.  But the District Court rejected the parties' joint recommendation, sentencing Robinson instead to an 18-year term of incarceration.

Robinson now complains of procedural unreasonableness in reaching that sentence.  In that regard, the District Court must, among other things, consider the factors listed in 18 U.S.C. § 3553(a) and otherwise "adequately explain the chosen sentence." *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)).  But so long as "[t]he record as a whole . . . make[s] clear that the district judge 'has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority,'" the District Court will have satisfied its obligations under § 3553(a). *United States v. Begin*, 696 F.3d 405, 411 (3d Cir. 2012) (quoting *United States v. Merced*, 603 F.3d 203, 215–16 (3d Cir. 2010)).  In Robinson's view, the District Court failed adequately to explain its rationale for rejecting the agreement that the parties had reached in light of Robinson's cooperation.

But the District Court explained precisely why it thought the parties'

recommendation was insufficient: because of the violent nature of Robinson's

crimes. After the parties' presentations regarding Robinson's assistance, the

District Court acknowledged the agreement reached in light of that assistance and

the Government's attempts "to be fair" with the joint recommendation.

Nevertheless, in the District Court's view, the "extremely violent" nature of

Robinson's crimes, including the use of firearms in each robbery and the fact that

some employees had been tied up, warranted a more severe sentence than the

parties had recommended. This acknowledgment and rejection of Robinson's

argument is all that was required. *See Tomko*, 562 F.3d at 568–69 (no procedural

error where the record demonstrates that the sentencing judge listened to and

rejected each argument).

For these reasons, we will affirm the judgment of the District Court.