NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3363
_____

UNITED STATES OF AMERICA

v.

STEVEN MAZER,

Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(2-12-cr-00546-001)
District Judge:  Hon. Jan E. DuBois
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 19, 2015
_____

Before:  FUENTES, GREENAWAY, JR., and SLOVITER, *Circuit Judges*.

(Opinion Filed: May 19, 2015)
_____

OPINION[*]
_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

Appellant Steven Mazer appeals the District Court's within-Guidelines sentence of 720 months' imprisonment, imposed after he pled guilty to two counts of production of child pornography, in violation of 18 U.S.C. § 2251(a).[1] Mazer contends that: (1) his due process rights were violated because the District Court was unfairly prejudiced by testimony at sentencing from family members of victims identified in the relevant conduct provisions of the Pre-Sentence Report ("PSR"), but who were not the subjects of the relevant counts of the Indictment ("Family Members"); and (2) the sentence is procedurally unreasonable because the District Court failed to consider defense counsel's suggestion of civil commitment when devising Mazer's sentence. For the following reasons, we will affirm.[2]

Mazer argues that the Family Members' testimony unfairly prejudiced the sentencing judge and therefore violated Mazer's due process.[3] "No limitation shall be

---

[1]     This case arose after law enforcement executed a search warrant at Mazer's home and discovered video recordings that depicted Mazer sexually assaulting two minors.

[2]     The District Court had jurisdiction over this case pursuant to 18 U.S.C. § 3231; we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[3]     The Government asserts that Mazer did not preserve this claim and therefore it should be reviewed for plain error. "[A]n objection must be specific enough not only to put the judge on notice that there is in fact an objection, but to serve notice as to the underlying basis for the objection." *United States v. Russell*, 134 F.3d 171, 179 (3d Cir. 1998). Mazer's objection to the specific testimony at the hearing was sufficient to give the Government notice of the underlying basis of his objection. Accordingly, our

placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. Further, Mazer has cited no case where a sentence was vacated due to prejudicial statements to a sentencing judge. Notably, the statements at issue contained substantially the same information as the letters the testifying witnesses submitted — without objection — to the District Court as sealed exhibits to the PSR. Accordingly, Mazer's argument is without merit.

Mazer also argues that the District Court's sentence was procedurally unreasonable.[4] Under our three-step sentencing framework, a district court must: "(1) correctly calculate[] the defendant's advisory Guidelines range, (2) appropriately consider[] any motions for a departure under the Guidelines, and (3) g[i]ve meaningful consideration to the sentencing factors set forth in 18 U.S.C. § 3553(a)." *United States v. Begin*, 696 F.3d 405, 411 (3d Cir. 2012) (citing *United States v. Wright*, 642 F.3d 148, 152 (3d Cir. 2011)). Under the third step, a district court must "'acknowledge and respond to any properly presented sentencing argument which has colorable legal merit and a factual basis.'" *Id.* (quoting *United States v. Ausburn*, 502 F.3d 313, 329 (3d Cir.

---

review is for abuse of discretion. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009).

[4] We review sentences "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). "[W]e are to ensure that a substantively reasonable sentence has been imposed in a procedurally fair way." *United States v. Levinson*, 543 F.3d 190, 195 (3d Cir. 2008).

3

2007)).

Mazer does not challenge the District Court's application of the first and second steps; therefore, we need not address them here. As to step three, Mazer argues that "the district court failed to acknowledge and respond to the defense submission that . . . civil commitment [] for federal sex offenders means [that] Mazer will not be released from custody unless the Department of Justice determines he does not pose a serious danger to the public." Appellant Br. at 32. As Appellant acknowledges, the District Court "would have been well within its discretion to take account of the availability of a civil commitment procedure" in crafting the sentence. *Id.* at 34. The corollary, of course, is that it was also well within the District Court's discretion not to. Accordingly, the District Court did not abuse its discretion in imposing the within-Guidelines sentence.

Appellant also urges that "there is no indication that the district court gave any consideration to the availability of civil commitment" in its assessment of the § 3553(a)(2) factors. *Id.* at 35. During the sentencing argument, defense counsel mentioned civil commitment three times, but never as an independent argument. Each time civil commitment was raised, it was within the broader context of whether an impending sentence in the Court of Common Pleas would run consecutively to the sentence imposed by the District Court. The District Court adequately considered this argument and explicitly stated: "I'm going to let the Court of Common Pleas decide . . . whether that sentence should run concurrently, at the same time as my sentence." App. 187.

The record as a whole evidences that the District Court appropriately considered each of the § 3355(a) factors, providing much more than a "rote statement." *Begin*, 696 F.3d at 411. The District Court discussed at length the nature and circumstances of what it characterized as a "horrific story." App. 184. It noted that many people would want "the Court to lock [Mazer] up and throw away the key," but stated "I'm not going to do that." *Id.* at 186–87. The District Court further clarified, that "[b]y the same token, I'm not going to accept the recommended sentence of the Defendant." *Id.* at 187. There is no procedural error.

For the foregoing reasons, we will affirm.