NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1830
_____

UNITED STATES OF AMERICA

v.

MATTHEW ACKERMAN,
                              Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. No. 5-11-cr-00740-001)
District Judge: Honorable James K. Gardner
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 22, 2015
_____

Before: FUENTES, GREENAWAY, JR., and NYGAARD, *Circuit Judges*.
(Filed: June 8, 2015)

_____

OPINION*
_____

---

*This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

Appellant Matthew Ackerman appeals the District Court's sentence, imposed after he pled guilty to receipt of child pornography, possession of child pornography, and conspiracy to receive, distribute, and possess child pornography. Ackerman contends that the District Court's sentence was substantively and procedurally unreasonable because the District Court failed to meaningfully consider Ackerman's arguments for a downward variance. For the reasons that follow, we will affirm the District Court's judgment of conviction.

## I. BACKGROUND

This case stems from a federal investigation into a large-scale child pornography ring. In the course of that investigation, law enforcement officers received information that implicated Ackerman and co-defendant Thomas Syfor in the receipt and possession of child pornography. A legal search of Ackerman's residence recovered printed images depicting child pornography, several computers, and a camera that contained images of adolescent boys playing in a playground across the street from Ackerman's residence. A search of the computers revealed thousands of images and dozens of videos of child pornography.

Ackerman pled guilty to receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and possession of child pornography and aiding and abetting, in violation of 18 U.S.C. § 2252(a)(4)(B) and § 2. A related case was transferred to the District Court; Ackerman entered a guilty plea in that case to one count of conspiracy to receive,

2

distribute, and possess child pornography, in violation of 18 U.S.C. §§ 2252(a)(2), (a)(4)(B), (b)(l) and (b)(2).

At sentencing, the Government presented uncontested evidence that Ackerman possessed 60 videos files and over 2,000 images of child pornography. The Government also presented evidence that Ackerman and Syfor: (1) engaged in a sexual conversation with a 16-year-old male; (2) performed a sex act on video camera for another minor male; and (3) arranged to meet a 15-year-old boy at a local park.[1] The District Court also heard testimony presented by Ackerman, including testimony of Dr. Frank Dattilio, a clinical and forensic psychologist that offered expert testimony on the treatment and assessment of sex offenders.

Based on a criminal history category of I and an offense level of 37, Ackerman's Guidelines range was 210 to 262 months in prison. The District Court imposed a sentence of 210 months' imprisonment.

## II. ANALYSIS[2]

Ackerman argues that the District Court's sentence was procedurally and substantively unreasonable.[3] Under our three-step sentencing framework, district courts

---

[1] The boy mistook two other men at the park for Ackerman and Syfor and a fight broke out when the boy made sexually suggestive comments to them. Ackerman left without meeting the boy.

[2] The District Court had jurisdiction over this case pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[3] We review sentences "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). "[W]e are to ensure that a substantively reasonable sentence has been imposed in a procedurally fair way." *United States v.*

must: (1) "calculate a defendant's Guidelines sentence," (2) "formally rul[e] on the motions of both parties and stat[e] on the record whether they are granting a departure," and (3) "exercise[ ] [their] discretion by considering the relevant [§ 3553(a)] factors in setting the sentence they impose." *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006) (citations and quotations omitted) (alterations in original). Under the third step, the district court "must 'acknowledge and respond to any properly presented sentencing argument which has colorable legal merit and a factual basis.'" *Flores-Mejia*, 759 F.3d at 256 (quoting *United States v. Begin*, 696 F.3d 405, 411 (3d Cir. 2012)).

Ackerman does not challenge the District Court's application of the first and second steps; therefore, we do not address them here. As to step three, Ackerman claims that the District Court did not "meaningfully consider [] Ackerman's arguments for a downward variance."[4] Appellant Br. at 16. Although district courts are under an obligation to "acknowledge and respond to any properly presented sentencing argument which has colorable legal merit and a factual basis," *United States v. Ausburn*, 502 F.3d 313, 329 (3d Cir. 2007), they "need not discuss and make findings as to each of the

*Levinson*, 543 F.3d 190, 195 (3d Cir. 2008). When no objection is made in the district court, sentencing procedure is reviewed for plain error. *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (en banc). Because Ackerman was sentenced before *Flores-Mejia* was issued, review for abuse of discretion is proper. *Id.* at 259. "Applying that standard, we have held that a district court abuses its discretion when it fails to give 'meaningful consideration' to an argument advanced by the defendant." *Id.*

[4] Specifically, Ackerman focuses on four issues he claims the District Court ignored: (1) Ackerman's lack of prior criminal history; (2) Ackerman's claim that he was a victim of sexual abuse as a child; (3) the conclusion of Dr. Dattilio that Ackerman is a low risk for reoffending and is amenable to treatment; and (4) Ackerman's claim that the child pornography guidelines are empirically unsound.

4

§ 3553(a) factors if the record makes clear that the court took the factors into account in sentencing." *United States v. Kononchuk*, 485 F.3d 199, 204 (3d Cir. 2007). All we require is that "[t]he sentencing judge . . . set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

The sentencing colloquy evidences that the District Court heard and considered argument from defense counsel and was thorough in its consideration of the § 3553(a) factors. Notably, the District Court permitted Dr. Dattilio to testify at great length, over the course of two days, and interjected its own questions on several occasions. Although the District Court recognized the presence of a "few mitigating factors," it concluded that they "justified a . . . sentence . . . in the lower range of the Guidelines." App. 705. Further, the District Court found that this was "the only extent to which [] mitigation [was] appropriate . . . because of the heinousness of these crimes." App. 705. The record demonstrates the *Gunter* test is met. There is no procedural error.[5]

We next consider the substantive reasonableness of the sentence. Our review of the application of the § 3553(a) factors focuses on the totality of the circumstances and is

---

[5] As noted *supra*, Ackerman also claims that the District Court failed to consider sufficiently Ackerman's argument that the child pornography Guidelines merit lesser deference in this case, as they are not "empirically based." Appellant Br. at 19 (emphasis omitted). However, as we emphasized in *United States v. Grober*, "if a district court does not in fact have a policy disagreement with § 2G2.2, it is not obligated to vary on this basis." 624 F.3d 592, 609 (3d Cir. 2010). Furthermore, the District Court imposed the lowest possible within-Guidelines sentence. Accordingly, we remain unconvinced by Ackerman's argument and conclude the sentence he received was not procedurally unreasonable.

highly deferential. *United States v. Tomko*, 562 F.3d 558, 567–68 (3d Cir. 2009). Indeed, even if this Court would have imposed a different sentence, we must not do so as long as any reasonable court could have imposed the given sentence. *Id.* at 568. The District Court's sentence of 210 months for three counts related to receiving and distributing child pornography satisfied all of the elements of a substantively reasonable sentence. The District Court fully justified its sentence and gave appropriate consideration to the § 3553(a) factors. Ackerman's Guidelines range was 210 to 262 months. The District Court sentenced Ackerman to the lowest possible Guidelines sentence. Ackerman has not met his burden of showing that a reasonable sentencing court would not have imposed the same sentence.

## III. CONCLUSION

For the foregoing reasons, we will affirm the judgment of conviction of the District Court.