NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2243
_____

UNITED STATES OF AMERICA

v.

JOSHUA MOSES,
                                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-14-cr-00232-001)
District Judge:  Hon. L. Felipe Restrepo
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 28, 2016

Before:  MCKEE, Chief Judge, JORDAN, and ROTH, Circuit Judges

(Filed: June 21, 2016)
_____

OPINION*
_____

JORDAN, Circuit Judge

_____

        * This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

Joshua Moses appeals an order of the United States District Court for the Eastern District of Pennsylvania denying his motion for a new trial. He also appeals the sentence imposed by the District Court, following his conviction by a jury, for possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). We will affirm both the order and sentence.

## I. Background

In the course of two transactions, Moses sold three guns to an undercover agent and a confidential source of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). On November 21, 2013, the ATF agent and the confidential source met Moses and an associate and purchased two guns from them: an SWD Model M-11 nine-millimeter pistol, and a Smith & Wesson Model 586 .357-caliber revolver. That evening, the confidential source arranged to purchase an additional firearm, and the next day, November 22, Moses and his associate sold the confidential source an IMI Desert Eagle .50-caliber pistol with an obliterated serial number.

Based on those sales, a grand jury returned a two-count indictment on May 8, 2014, charging Moses with possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).[1] Count One charged Moses with unlawful possession of the guns from the

---

[1] 18 U.S.C. § 922(g)(1) makes it unlawful for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." Moses stipulated at trial that he was convicted before both Pennsylvania and United States courts of crimes punishable by imprisonment for a term exceeding one year. One of those convictions was, in fact, for an earlier violation of 18 U.S.C. § 922(g)(1).

November 21 sale, the SWD pistol and the Smith & Wesson revolver. Count Two

charged him with unlawful possession of the Desert Eagle pistol from the November 22

sale. Following a jury trial, Moses was convicted of both counts.

The government later filed a motion to dismiss Count Two, on the grounds that it

was multiplicitous. Moses, of course, did not oppose that motion, and the District Court

granted it. Three months later, Moses filed a motion for a new trial on the grounds that

the allegedly multiplicitous indictment prejudiced him at trial. The District Court denied

that motion as untimely.[2]

At sentencing, over Moses's objection, the District Court considered the

possession of the Desert Eagle pistol as relevant conduct, which triggered sentencing

enhancements for possession of at least three firearms and possession of a firearm with an

obliterated serial number. Combined with Moses's extensive criminal history and a

separate enhancement for obstruction of justice due to Moses's perjurious trial testimony,

those enhancements increased his offense level by six levels and raised his guidelines

range for imprisonment from 77-96 months to 135-168 months. That range was then

reduced to the statutory maximum of 120 months. After considering the sentencing

factors set forth in 18 U.S.C. § 3553(a), the District Court varied downward from the

guidelines range and sentenced Moses to 102 months' imprisonment. The Court entered

judgment on May 13, 2015, and Moses timely appealed.

---

[2] The verdict was announced on October 10, 2014, and the motion for a new trial was not filed until April 20, 2015. That gap well exceeded Rule 33(b)(2)'s 14-day time period to move for a new trial, as is further elaborated below.

3

**II.    Discussion**[3]

Moses argues that he should have received a new trial because the indictment on which he was tried was multiplicitous.  He also argues that he is entitled to re-sentencing because the District Court's guidelines calculation improperly considered the Desert Eagle pistol, and because the Court failed to adequately consider his harsh upbringing when it declined to grant a larger downward variance.  We consider each argument in turn.

**A.    Motion for a New Trial**

Moses first contends that the District Court improperly denied his motion for a new trial under Federal Rule of Criminal Procedure 33(a).  "[W]e review a district court's denial of a motion for a new trial for abuse of discretion, but where the denial of the motion was based on the application of legal precepts we exercise plenary review."  *Hook v. Ernst & Young*, 28 F.3d 366, 370 (3d Cir. 1994).

The District Court properly denied the motion because it was late – in fact, late under more than one rule.  "Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty."  Fed. R. Crim. P. 33(b)(2).  Here, the guilty verdict was announced on October 10, 2014, and the motion for a new trial was not filed until April 20 of the following year,

---

[3] The District Court had jurisdiction under 18 U.S.C. § 3231.  We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and review Moses's sentence pursuant to 18 U.S.C. § 3742.

4

well beyond the 14-day time limit.[4] Not only was it untimely under the terms of Rule 33, though, it also ran afoul of Federal Rule of Criminal Procedure 12(b)(3)(B), which provides that an objection based on a defect in the indictment (including multiplicity) "must be raised by pretrial motion if the basis for the motion is then reasonably available."

Moses's arguments to get around the timing rules are unavailing. As to Rule 33, he argues that we should "treat the present quandary as newly discovered evidence," (Opening Br. at 13), thus triggering a three-year time period to request a new trial.[5] *See* Fed. R. Crim. P. 33(b)(1). Yet he points to no evidence discovered after trial that served as a basis for his Rule 33 motion, except the government's motion to dismiss Count Two. That motion, however, was not itself evidence, and was based only on evidence produced at trial. So, there was no new evidence to form the basis of a Rule 33(b)(1) motion. As to Rule 12(b)(3)(B), Moses argues that he did not have to bring his challenge before trial because his objection is not to the indictment itself but rather to the "impropriety and the

---

[4] The District Court noted that it was "sympathetic to the challenging position" of Moses's current counsel when he inherited the case after trial. (J.A. vol. I at 3 n.1.) It observed, however, that "even if the Court used March 2, 2015 [when counsel received trial transcripts] as the start date for the 14 day period in Rule 33, the Defendant has failed to identify any circumstances that could constitute 'excusable neglect' necessary to extend the deadline ... from March 16th to April 20th." (*Id.*)

[5] Moses suggests that, if we do not consider his motion as timely on the basis of newly discovered evidence, he "will have a basis for a subsequent submission addressing the ineffectiveness" of both his trial and appellate counsel for failing to bring timely motions. (Opening Br. at 12-13.) Whether that is true is a decision for another day. It is enough for now to note that collateral review is not a channel to raise claims that could have been raised on direct appeal, and that cause and actual prejudice must be shown to excuse default of any claims that could have been raised on appeal. *See United States v. Pelullo*, 399 F.3d 197, 223 (3d Cir. 2005).

overall impact" of facing trial on multiplicitous charges. (Opening Br. at 13.) That, however, is precisely the kind of error addressed by Rule 12(b)(3)(B), which requires that multiplicity challenges like Moses's be brought pretrial.[6] Moses was provided with the audio and video recordings of the gun sales in pretrial, so he had all the facts necessary to make a timely multiplicity objection to the indictment.

In sum, Moses should have raised his multiplicity objection before trial, as required by Rule 12(b)(3)(B), and, even setting that aside, any motion for a new trial was governed by the 14-day time limit of Rule 33(b)(2). There is no reason to excuse missing either of those deadlines, let alone both, so we will affirm the District Court's decision that Moses's motion for a new trial was untimely.[7]

## B.    Sentence

Moses also appeals his sentence, based on an objection to the District Court's guidelines calculation and on the grounds of substantive unreasonableness. We "review factual findings relevant to the Guidelines for clear error and ... exercise plenary review over a district court's interpretation of the Guidelines." *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (en banc). Typically, "[w]e review a sentence for substantive reasonableness under an abuse of discretion standard, and the party challenging the

---

[6] As the government points out, had Moses raised his multiplicity objection to the indictment in a timely fashion, the prosecution could have dismissed Count Two before trial or sought a superseding indictment combining into a single charge the violations pertaining to the three guns.

[7] The parties also dispute whether Count Two was actually multiplicitous and whether such multiplicity prejudiced Moses in light of Count Two's post-trial dismissal. Because we find the motion for a new trial was properly denied on the basis that it was untimely, we need not address those issues.

sentence bears the burden of showing unreasonableness." *United States v. Figueroa*, 729 F.3d 267, 278 (3d Cir. 2013). Because Moses did not object at sentencing, however, he must further establish that the District Court plainly erred in order to prevail on his challenge to the reasonableness of the sentence. *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014).

### 1. Guidelines Calculation

Moses attacks the District Court's guidelines calculation by arguing that the Court should not have considered the Desert Eagle pistol in determining sentencing enhancements, because Count Two had been dismissed. But "conduct underlying dismissed counts ... may be considered at sentencing," *United States v. Baird*, 109 F.3d 856, 863 (3d Cir. 1997), as Moses himself acknowledges. (Opening Br. at 19 ("[L]ong standing" law establishes that "conduct underlying dismissed counts of an indictment[] may be considered at sentencing.").) We thus see no error in the District Court's decision to take the Desert Eagle pistol into account for purposes of the guidelines calculation.

### 2. Reasonableness of Sentence

Moses also argues that the circumstances of his upbringing and his history of medical problems required a larger downward variance in his sentence than the one the District Court gave. He suggests that the Court did not "fully consider[] ... [his] argument as to a variance." (Opening Br. at 20.)

It is true that a sentencing court "must acknowledge and respond to any properly presented sentencing argument which has colorable legal merit and a factual basis." *United States v. Begin*, 696 F.3d 405, 411 (3d Cir. 2012) (internal quotation marks

7

omitted).  But the District Court did so.  It explicitly considered that Moses had an "incredibly sad medical history and about as difficult a childhood as anybody could imagine."  (J.A. vol. II at 138.)  Based on that, and on Moses's familial obligations, the Court granted him a downward variance to 102 months, significantly below the 120 months called for by the guidelines.  The Court neither plainly erred nor abused its discretion by declining to vary the sentence even further downward.

## III.    Conclusion

For the foregoing reasons, we will affirm the District Court's order denying Moses's motion for a new trial, as well as the judgment of sentence the District Court imposed.