NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1211
_____

UNITED STATES OF AMERICA

v.

FRANCISCO MARTINEZ-RUBIO,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 3-14-cr-00172-003)
Honorable Richard P. Conaboy, U.S. District Judge
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 26, 2016

Before: FISHER, VANASKIE and KRAUSE, *Circuit Judges*.

(Filed: December 1, 2016)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Francisco Martinez-Rubio pleaded guilty to possession with the intent to distribute in excess of one kilogram of heroin as an aider and abettor. At sentencing, he received an enhancement for his role as an organizer of the criminal activity, and the District Court sentenced him to a term of 151-months' imprisonment followed by five years' supervised release. Objecting to that enhancement as well as the reasonableness of his sentence, he appeals the District Court's final judgment. For the reasons that follow, we will affirm.

I.

In 2014, the DEA used a confidential source to purchase drugs from a California-based heroin trafficking organization, and, on July 1, 2014, DEA agents observed the source purchase seven kilograms of heroin from Martinez-Rubio.[1] After the transaction, they followed Martinez-Rubio's vehicle, a silver Honda Pilot, and witnessed him pull over to the side of the road and instruct a male passenger to transfer a duffle bag into a red Toyota Corolla that had been traveling behind him.[2]

Based on those observations, the DEA and the Pennsylvania State Police conducted a probable cause stop of the two vehicles.[3] During the stop, the police identified Martinez-Rubio and his passenger, Jose Rosario Huizar-Rios. They also identified Martinez-Rubio's girlfriend as the driver of the Toyota, and Huizar-Rios's wife

---

[1] J.A. 79-80.
[2] J.A. 80-81.
[3] J.A. 80-81.

2

as her passenger. They searched both vehicles and recovered 16 kilograms of heroin as well as the duffel bag containing the proceeds of the earlier drug sale.[4]

After the stop, agents interviewed three cooperating witnesses, who told the DEA that Martinez-Rubio was recruited to traffic the drugs to New York by the California drug supplier and had recruited the other three individuals to help him by offering them each $5,000.[5] Further investigation revealed that, during the trip, Martinez-Rubio: (1) was in frequent contact with the heroin supplier; (2) was the only courier to speak with the drug supplier and intended drug customers; (3) decided how to transport the drugs; (4) facilitated the drug sale; and (5) directed his accomplices where to place the drugs and money so that he could complete the heroin sale without raising police suspicion.[6]

On July 15, 2014, a federal grand jury indicted Martinez-Rubio and his three codefendants for possession with intent to distribute in excess of one kilogram of heroin. Martinez-Rubio pleaded guilty to the indictment, and, on December 8, 2015, the Probation Office issued an amended Presentence Investigation Report ("PIR"). The PIR calculated Martinez-Rubio's total offense level at 33, including a two-level enhancement for his role as an organizer of the criminal activity under Section 3B1.1(c) of the United States Sentencing Guidelines.[7]

---

[4] J.A. 81-82.
[5] J.A. 82, 120-21.
[6] J.A. 81-84, 121.
[7] J.A. 94.

Martinez-Rubio objected to the organizer enhancement, arguing that he was merely a drug courier. He also moved for a downward departure for overstatement of his criminal history and a downward variance based on his personal history, status as a removable alien, and the sentencing disparity between him and his codefendants.[8] At Martinez-Rubio's sentencing hearing, the District Court upheld the Section 3B1.1(c) enhancement, finding that Martinez-Rubio had a leadership role in this scheme because he had "directly guid[ed]" the other people involved.[9] It also rejected his request for a downward variance, finding that his criminal history was not overstated and that a sentence of 151 months' imprisonment was just given: (1) the severity of the crime; (2) the need for deterrence; and (3) Martinez-Rubio's prior criminal history and leadership role in the enterprise.[10] The Court imposed that sentence on December 15, 2015, and entered judgment the following day. This timely appeal followed.

## II.

The District Court had subject matter jurisdiction over this case pursuant to 18 U.S.C. § 3231, and this Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We "exercise plenary review over a district court's interpretation of

---

[8] J.A. 74-77.
[9] J.A. 128.
[10] J.A. 110-113, 127-129.

4

the Guidelines" and "review factual findings relevant to the Guidelines for clear error."[11] We review a district court's sentencing decisions for an abuse of discretion.[12]

III.

On appeal, Martinez-Rubio raises two issues. First, he argues that the evidence was insufficient to support the two-point sentencing enhancement he received for his role as an organizer of the criminal activity under U.S.S.G. § 3B1.1(c). Second, he argues that the District Court imposed a substantively and procedurally unreasonable sentence. We consider each argument in turn and will affirm for the reasons stated below.

A.

Section 3B1.1(c) of the United States Sentencing Guidelines permits a district court to impose a two-point adjustment of the defendant's offense level "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity."[13] Martinez-Rubio contends that the evidence was insufficient to support the organizer enhancement because he: (1) did not exercise control over his codefendants; and (2) was nothing more than a courier in a much larger drug enterprise.

We disagree. First, while Martinez-Rubio claims that all of his codefendants acted as equals in their roles, there was sufficient evidence for the District Court to find that he

---

[11] *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (en banc).
[12] *United States v. Begin*, 696 F.3d 405, 411 (3d Cir. 2012).
[13] U.S. Sentencing Guidelines Manual (U.S.S.G.) § 3B1.1(c).

exercised the "control over [another] person" that is required to apply Section 3B1.1(c).[14] Indeed, the government offered that Martinez-Rubio gave directions to his codefendants regarding the transportation and delivery of the drugs, including telling them where to go, what they should do, how many cars should be involved, and where the drugs and money should be placed.[15] Second, the Guidelines provide several factors for distinguishing a leadership role that support the enhancement in this case including "the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices . . . [,] the degree of participation in planning or organizing the offense . . . [,] and the degree of control and authority exercised over others."[16] Certainly, Martinez-Rubio did not get a larger share of the fruits of the crime than his codefendants and followed orders from the California organization. However, in light of the remaining Sentencing Guidelines factors, we cannot find that the District Court erred in imposing the enhancement where Martinez-Rubio: (1) recruited his three codefendants to help him; (2) unilaterally communicated with the supplier and the buyer to coordinate the drug distribution; and (3) directed his codefendants on how to transport the heroin to reduce suspicion.[17] Accordingly, because there was sufficient evidence for the District Court to apply the organizer enhancement, we find that the District Court properly imposed it when calculating Martinez-Rubio's sentence.

---

[14] *United States v. Katora*, 981 F.2d 1398, 1402 (3d Cir. 1992) (citation omitted).
[15] J.A. 81-84, 123-25.
[16] U.S.S.G. § 3B1.1(c), cmt. n. 4.
[17] J.A. 81-84, 88, 121-25.

Likewise, the District Court did not abuse its discretion when it sentenced Martinez-Rubio to 151 months' imprisonment followed by five years' supervised release. "Our responsibility on appellate review of a criminal sentence is limited . . . to ensure that a substantively reasonable sentence has been imposed in a procedurally fair way,"[18] and, contrary to Martinez-Rubio's arguments otherwise, we cannot find that the District Court abused its discretion by imposing a procedurally or substantively unfair sentence in this case.

On procedural reasonableness, Martinez-Rubio's sole contention is that the District Court improperly calculated his Guidelines range to include an enhancement for his role as an organizer of criminal activity. Because it was proper for the District Court to apply that enhancement, however, we cannot find any procedural error in applying it to determine his Guidelines range.

For substantive reasonableness, we "give[] district courts broad latitude in sentencing,"[19] and "[t]he pertinent inquiry is 'whether the final sentence . . . was premised upon appropriate and judicious consideration of the relevant factors'"[20] set forth in 18 U.S.C. § 3553(a). In addition, since the District Court's sentence is procedurally

---

[18] *United States v. Levinson*, 543 F.3d 190, 195 (3d Cir. 2008).
[19] *Id.*
[20] *United States v. Lessner*, 498 F.3d 185, 204 (3d Cir. 2007) (quoting *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006)).

sound, "we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided."[21]

Here, we conclude that Martinez-Rubio's 151-month sentence, which was at the low end of the Guidelines range, was substantively reasonable. First, as Martinez-Rubio acknowledges, the District Court appropriately considered several of the sentencing factors in § 3553(a), including "the seriousness of the offense," "the history and characteristics of the defendant," and the need to "afford adequate deterrence."[22] Consequently, even if it were true that a lesser sentence would afford adequate deterrence, we cannot find that the District Court abused its discretion in concluding that his sentence was needed to: (1) adequately deter other criminals; (2) account for his history; and (3) account for the serious nature of trafficking and distributing large quantities of heroin.

Second, the "record makes clear that the sentencing judge listened to each argument"[23] raised by Martinez-Rubio and we cannot find that the District Court abused its discretion in finding those arguments insufficient to warrant a lower sentence. Because Martinez-Rubio chose to be involved in the trafficking and sale of large quantities of heroin, it was not an abuse of discretion for the District Court to conclude that the seriousness of the offense outweighed the possible immigration consequences of his

---

[21] *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).
[22] 18 U.S.C. § 3553(a)(1)-(2).
[23] *Rita v. United States*, 551 U.S. 338, 358 (2007).

conduct. Likewise, while there was a disparity among the sentences in this case, the District Court did not abuse its discretion in concluding that the disparity was warranted where Martinez-Rubio's codefendants "did not have . . . a leadership role in this case" or "bad records," like Martinez-Rubio, who had two prior misdemeanors and committed this offense while on probation.[24]

IV.

For the reasons set forth above, we will affirm the judgment of the District Court.

---

[24] J.A. 111-12, 129.