NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1689
_____

UNITED STATES OF AMERICA

v.

SEKOU MALIEK DAVENPORT,
                            Appellant
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.N.J. No. 2-16-cr-00023-003)
District Judge: Honorable Michael M. Baylson
_____

Submitted Under Third Circuit LAR 34.1(a)
April 23, 2018

Before: AMBRO, SCIRICA, and SILER, Jr.[*], Circuit Judges

(Opinion filed: June 20, 2018)
_____

OPINION[**]
_____

AMBRO, Circuit Judge

Sekou Davenport pleaded guilty to a conspiracy to deal firearms without a license

in violation of 18 U.S.C. § 371, dealing firearms without a license in violation of

---

[*] Honorable Senior Judge Eugene E. Siler, Jr., Circuit Court Judge for the Sixth Circuit
Court of Appeals, sitting by designation.

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

18 U.S.C. § 922(a)(1)(A), unlawful possession of a short-barreled rifle in violation of 26 U.S.C. §§ 5861(d) and 5871, and unlawful possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). His co-conspirators Omar Davenport, his brother, and Darien Thompson, his cousin, entered into plea agreements and were sentenced to 87 and 78 months' imprisonment, respectively. But Sekou rejected the Government's offer of 78 months' imprisonment, preserving the right to argue for a lower sentence.

At his sentencing proceedings, the District Court imposed a sentence of 87 months, ten months less than the bottom of the advisory Sentencing Guidelines range (97 to 121 months' imprisonment), but the same length as Omar's sentence. Sekou argues on appeal the District Court procedurally erred by ignoring the less culpable role he played in the gun-dealing conspiracy and failing to identify any unique offsetting aggravating factor to justify the conclusion that both Davenports deserved the same punishment.

At the hearing, Sekou's counsel asked the Court for a sentence less than his co-defendants' terms on the ground that he was the least culpable member of the conspiracy. Unlike his co-defendants, he was only responsible for a third of the transactions, his role was limited, and his abuse of PCP motivated his involvement. The Government conceded that Sekou was the least culpable member of the conspiracy. It nonetheless argued for a sentence above the co-defendants' sentences because it had previously overlooked a two-level enhancement for the sale of a semi-automatic weapon that was included in Sekou's Guidelines calculation. Further, it argued that Sekou had a more serious criminal history. That latter rationale fell apart as a proportionality factor, however, when no party could recall the histories of the co-defendants.

2

In imposing the sentence of 87 months, the Court explained that the offense of gun trafficking contributes to violent crime, Sekou was serving a sentence of probation at the time of his criminal conduct, and the sentence achieves specific and general deterrence. It did not base its sentence on the relative culpability of the defendants. In any event, Sekou did not object to the Court's balancing of the 18 U.S.C. § 3553(a) factors.

At Sekou's sentencing, the Court asked the Government to address Sekou's culpability relative to the other co-defendants. In response, the Government asserted Sekou had a more serious criminal history, but, as noted, it could not recall the histories of the other defendants. When prompted by the Court, the Government did not present a colorable argument that Sekou was less culpable than the others for the drug trafficking conduct. Sekou's counsel picked up on the issue and argued that Sekou was less culpable. In discussing the rationale for the sentence, the Court stated it was required to "consider proportionality . . .." After explaining the seriousness of the offense, it paused, before turning to relative culpability, and asked again whether either co-defendant had been on probation at the time of the offense, as Sekou had been. Still, no party knew the answer. So the Court aborted the proportionality rationale, stating instead that Sekou's firearms offenses while on probation were "a very aggravating factor[.]" JA 148. After selecting the sentence, however, the Court noted in passing that the term of imprisonment was appropriate, as it "reflects the same sentence that Omar Davenport got, because I think that should have some impact here in terms of proportionality."

We review Sekou's sentence for abuse of discretion. *United States v. Fumo*, 655 F.3d 288, 308 (3d Cir. 2011). Because Sekou did not object to the Court's alleged

3

procedural errors after imposing his sentence, he must satisfy the plain error standard of review. *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (*en banc*); *see* Fed. R. Crim. P. 52(b). To do so he must prove that (1) the Court erred, (2) the error was obvious under the law at the time of review, and (3) it affected substantial rights (that is, the error affected the outcome of the proceedings). *Johnson v. United States*, 520 U.S. 461, 467 (1997). Even if all these items are met, the Court should only exercise its discretion in cases where the error "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Olano*, 507 U.S. 725, 734-35 (1993) (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936)) (alteration in original).

We hold the District Court did not abuse its discretion. It did not base the sentence on the relative culpability of the defendants. Rather, it abandoned that factor when it became clear Sekou was less culpable than his co-defendants, and it treated his criminal history as an independent aggravating factor. We do not view the Court's comment after it announced Sekou's sentence—"I think that should have some impact here in terms of proportionality[,]" JA 150—to suggest proportionality was a primary basis for the sentencing decision. It did, however, respond to the limited argument made at sentencing. *See United States v. Begin*, 696 F.3d 405, 411 (3d Cir. 2012) (holding that a District Court "'must acknowledge and respond to any properly presented sentencing argument which has colorable legal merit and a factual basis[.]'" (quoting *United States v. Ausburn*, 502 F.3d 313, 329 (3d Cir. 2007))).

4

Moreover, in determining a sentence, a court must "(1) give rational and meaningful consideration to the relevant § 3553(a) factors; (2) adequately explain the sentence, including an explanation for any deviation from the guidelines; and (3) respond to defense counsel's colorable arguments for mitigation." *United States v. Thornhill*, 759 F.3d 299, 310 (3d Cir. 2014). One of the statutory factors it must consider is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). But we have concluded that factor is about the promotion of "national uniformity in sentencing rather than uniformity among co-defendants in the same case." *United States v. Parker*, 462 F.3d 273, 277 (3d Cir. 2006). Accordingly, we do "not require district courts to consider sentencing disparity among co-defendants." *Id.* Thus, a "disparity of sentence between co-defendants does not of itself show an abuse of discretion." *Id.* at 266–77 (quotations removed).

In this context, we affirm Judge Baylson's sentencing determination.