NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2391
_____

UNITED STATES OF AMERICA

v.

MUSA TURAY,
            Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-14-cr-0265-002)
District Judge:  Hon. Harvey Bartle, III

_____

Submitted Under Third Circuit LAR 34.1(a)
June 10, 2019

Before:   JORDAN, BIBAS, and NYGAARD, *Circuit Judges.*

(Filed: June 12, 2019)
_____

OPINION*
_____

_____

        * This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Musa Turay appeals the sentence imposed on him for convictions stemming from his participation in a tax fraud scheme. For the following reasons, we will affirm.

I.    **BACKGROUND**

Turay and several others were indicted for tax fraud and related offenses. Their scheme operated through a tax preparation business, and it involved stealing the identities of children in order to claim false dependents on tax returns. Turay prepared tax returns and also obtained children's information through his work for a healthcare provider. By the government's calculation, he was responsible for over $8,000,000 in tax loss to the federal government.

After his arrest, Turay was released on bond. But the government learned that Turay had not stopped preparing fraudulent tax returns, and it brought that information to the attention of the District Court. As a result, the Court set a bond revocation hearing. Instead of attending that hearing, Turay absconded to Sierra Leone. United States law enforcement officials located him there, and he was arrested by local authorities. He was extradited and ultimately surrendered to U.S. law enforcement two years after he originally fled.

Turay pled guilty to several counts of the indictment.[1] Then, during the resulting sentencing proceedings, Turay argued for a downward variance from the sentencing

---

[1] Specifically, he pled guilty to one count of conspiracy, in violation of 18 U.S.C. § 371; eight counts of aiding or assisting in the preparation of false federal income tax returns, in violation of 26 U.S.C. § 7206(2); one count of wire fraud, in violation of 18 U.S.C. § 1343; one count of aggravated identity theft and aiding and abetting, in violation

2

range recommended by the United States Sentencing Guidelines. One of his arguments was that he is a first-time offender. He observed that the Sentencing Commission has found that defendants in that category have an especially low risk of recidivism. Turay explained that the Sentencing Commission had proposed amendments to the guidelines that would reduce sentences for individuals like himself "[t]o account for th[e] difference between true first time offenders … and other defendants who are in criminal history category I[.]" (App. at 84.) He urged the Court to "consider a downward variance to mimic the impact of this proposed amendment for first time offenders." (App. at 84.)

Additionally, in discussing the sentencing factors in 18 U.S.C. § 3553(a), Turay recited the principle set out in subsection (a)(6) that "[t]he Court also shall consider 'the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.'" (App. at 86 (quoting 18 U.S.C. § 3553(a)(6).) In a footnote in his sentencing memorandum, he mentioned the sentences that three of his co-defendants had received, without further elaboration.[2] Then, at the sentencing hearing, Turay noted, while listing a number of reasons why a variance was warranted in his case, "that other defendants in this case were granted variances." (App. at 104.)

---

of 18 U.S.C. § 1028A(a)(1), (c)(5) and 18 U.S.C. § 2; and four counts of filing false federal income tax returns, in violation of 26 U.S.C. § 7206(1).

[2] We use the term "co-defendants" loosely. The leader of the scheme, whose sentence Turay highlighted, was actually charged separately.

At the hearing, the District Court questioned Turay about appropriate punishment under the § 3553(a) framework in light of his flight to Sierra Leone. In response, Turay acknowledged that his "multiple mistakes" made him "a little bit different than some of the other defendants in the case[.]" (App. at 107.)

The District Court ultimately sentenced Turay to 120 months in prison, a sentence just below the midpoint of his guidelines range of 111 to 132 months. In setting that sentence, the Court noted factors it needed to consider under § 3553(a), but it did not mention the need to avoid unwarranted sentencing disparities under § 3553(a)(6). It explained that the sentence took account particularly of "four salient factors": (1) the fact that Turay "cheated the taxpayers and Government of the United States out of millions of dollars"; (2) the fact that Turay "participated in the theft of the identify of hundreds of vulnerable children"; (3) the fact that Turay "continued to prepare false tax returns after [his] arrest, and even after [his] initial appearance"; and (4) the fact that Turay "obstructed justice by fleeing from the United States to Sierra Leone[.]" (App. at 123-24.) The Court observed that Turay had not previously been involved in the criminal justice system, and further said that it "agree[d] with Defense Counsel that [he is] not likely to be involved in the criminal justice system any time in the future[.]" (App. at 124-25.) It balanced those considerations, however, against the need for general deterrence. The District Court concluded that a middle-of-the-guidelines range sentence was appropriate, and it again emphasized that the sentence was based on "the totality of the circumstances … taking into … account the seriousness of the offenses, [Turay's]

continued criminal conduct, [his] affecting vulnerable children, [his] flight to Sierra Leone," his "lack of criminal history and [his] loyalty to [his] family[.]" (App. at 125.)

Turay timely appealed.

## II.   DISCUSSION[3]

On appeal, Turay contends that he should be resentenced because the District Court failed to consider two of his sentencing arguments: that he should receive a variance in line with the Sentencing Commission's proposed guidelines amendment that would reduce sentences for first-time offenders, and that he should receive a variance because a within-guidelines sentence would create unwarranted sentencing disparities as compared with sentences given to co-defendants. We are unpersuaded.

In sentencing a defendant, district courts must "acknowledge and respond to any properly presented sentencing argument which has colorable legal merit and a factual basis." *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (en banc) (citation omitted). But how a district court does that is a matter of "professional judgment." *Rita v. United States*, 551 U.S. 338, 356 (2007). "Sometimes the circumstances will call for a brief explanation; sometimes they will call for a lengthier explanation." *Id.* at 357.

Furthermore, the procedural "error of failure to give meaningful consideration [to a party's argument] must be brought to the district court's attention through an objection." *Flores-Mejia*, 759 F.3d at 256. Otherwise, plain error review applies and

---

[3] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

"the authority of the court of appeals to remedy the error is 'strictly circumscribed.'" *Id.* (citation omitted).

Here, Turay did not object before the District Court, and he concedes that plain error review applies. Accordingly, he "must show that there is '(1) an error; (2) that is plain; (3) that affects substantial rights; and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *United States v. Poulson*, 871 F.3d 261, 270 (3d Cir. 2017) (citation omitted). To meet the third element, Turay "must 'show a reasonable probability that, but for the error,' the outcome of the proceeding would have been different." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (citation omitted).

Turay's first claim – that the District Court failed to consider his argument that he should receive a variance in line with the proposed guidelines amendment reducing sentences for first-time offenders – fails because the Court fully engaged with the substance of his argument. Turay explained that the proposed amendment was designed "[t]o account for th[e] difference between true first time offenders … and other defendants who are in criminal history category I[.]" (App. at 84.) In response, the Court acknowledged that Turay had not previously been involved with the criminal justice system, and it "agree[d] with Defense Counsel that [he is] not likely to be involved in the criminal justice system any time in the future[.]" (App. at 124-25.) The District Court nevertheless went on to reject Turay's argument, in light of the particular facts of this

case.  The argument was thus considered and rejected, and there was no error, plain or otherwise, on this score.[4]

Turay's contention that the District Court did not consider his argument for a variance based on unwarranted sentencing disparities under § 3553(a)(6) likewise fails, for two reasons.  First, Turay did not present that argument clearly enough to make a response needful, and, second, he has not shown that the failure to explicitly respond to it affected his substantial rights.

District courts are not required to respond to every statement made by a defendant. Rather, they need only address "properly presented sentencing argument[s.]"  *Flores-Mejia*, 759 F.3d at 256.  Here, Turay's unwarranted-disparities argument consisted of (1) a verbatim recitation of § 3553(a)(6) in his sentencing memorandum, (2) a footnote to that recitation mentioning – in a descriptive rather than argumentative tone – the sentences of some of his co-defendants, and (3) an unelaborated-upon statement at the sentencing hearing – made while listing several reasons for a variance – "that other defendants in this case were granted variances."  (App. at 104.)  It is not plain that such comments amount to a "properly presented sentencing argument."  To conclude

---

[4] Turay argues in a footnote that "[i]t is one thing for a defendant to have no criminal history, it is something else entirely for the Sentencing Commission to explicitly recognize that the sentencing ranges for such defendants are overly severe and should be reduced."  (Opening Br. at 29 n.8.)  But here, the District Court did not just note Turay's lack of criminal history.  Whether it was required to or not, the Court addressed the purpose underlying the proposed guidelines amendment as described by Turay, namely, that first-time offenders like Turay have low recidivism rates.

7

otherwise would be to encourage parties to shroud their positions in vague prose and then to manufacture "ignored" arguments after the fact.

Even assuming it was plain error for the District Court not to respond to Turay's unwarranted-disparities argument, Turay has not shown "a reasonable probability that," had the Court addressed his argument explicitly, "the outcome of the proceeding would have been different" so as to affect his substantial rights. *Molina-Martinez*, 136 S. Ct. at 1343 (citation omitted). Although a sentencing court may reasonably consider sentencing disparities among co-defendants, subsection (a)(6) of § 3553(a) "by its terms plainly applies only where co-defendants are similarly situated."[5] *United States v. Parker*, 462 F.3d 273, 278 (3d Cir. 2006). Turay made no argument before the District Court that he was similarly situated to his co-defendants. On the contrary, he conceded that his "multiple mistakes[,]" including his two years as a fugitive from justice in Sierra Leone, made him "a little bit different than some of the other defendants in the case[.]" (App. at 107.) Accordingly, had the District Court expressly addressed Turay's argument, there does not appear to be a reasonable probability that it would have accepted it as a basis for a lower sentence.[6]

---

[5] The "similarly situated" requirement can be challenging to meet. *See United States v. Iglesias*, 535 F.3d 150, 161 n.7 (3d Cir. 2008) (noting that "a court should not consider sentences imposed on defendants in other cases" absent a "showing that other defendants' circumstances exactly paralleled" those of the defendant (citation omitted)).

[6] To be sure, we have remanded when courts have not explicitly addressed unwarranted-disparities arguments, both involving disparities between co-defendants and between defendants in different cases. *E.g.*, *United States v. Friedman*, 658 F.3d 342, 363 (3d Cir. 2011) (co-defendants); *United States v. Begin*, 696 F.3d 405, 414 (3d Cir. 2012) (different cases); *United States v. Merced*, 603 F.3d 203, 222-25 (3d Cir. 2010)

In sum, Turay has not shown any plain error by the District Court.

**III.  CONCLUSION**

For the foregoing reasons, we will affirm the judgment of the District Court.

(discussing both types of cases).  But the considerations are different in the plain error context, where relief is "difficult to get, as it should be."  *United States v. Dominguez Benitez*, 542 U.S. 74, 83 n.9 (2004).